ANNA KING, Admx.

*v.*

D. W. C. GOODWIN.

*Filed at Ottawa October 31, 1889.*

1. CREDITOR'S BILL — *lien upon equitable assets — and herein, of a widow's award.* The general rule is, that the filing of a creditor's bill, and service of process, create a lien on the equitable assets of the judgment debtor, without an order for an injunction or the appointment of a receiver. This lien can not be impaired by the voluntary assignment of the debtor, or by any intervening claim of other creditors.

2. A judgment creditor filed his bill to reach the debtor's interest in a co-partnership, or such sum as might, on settlement of the partnership matters, be found coming to him. The debtor died, and his widow was appointed as administratrix of his estate. The award of the widow was more than the decedent's interest in the partnership, and she claimed a right to have such interest applied on her award : *Held,*

that the creditor's lien was not divested by the death of his debtor, and that the widow would take only so much as was left after satisfying the lien.

3. A widow's claim to her award is against the estate of her deceased husband. If there is no estate, she will have nothing to rely on for its payment, and if the estate is incumbered by a valid lien, the award will not set aside the lien.

4. RECEIVER—*holding in trust.* A receiver is a *quasi* trustee, holding the funds coming to his hands for the benefit of the party who may eventually appear entitled thereto.

5. PARTIES — *want of parties — how availed of — in chancery.* If the defendant in a creditor's bill to reach equitable assets in a partnership in the hands of a receiver, wishes to raise the question of the receiver being a necessary party to the bill, it should be raised by demurrer to the bill.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. C. H. & C. B. WOOD, and Mr. S. B. KING, for the appellant:

When the court, by its receiver, took charge of the assets of the Montello Granite Company, it held them for the benefit of such parties to the suit found entitled thereto. High on Receivers, sec. 13; Beach on Receivers, sec. 213; *Jackson* v. *Lahee,* 114 Ill. 287; *Parker* v. *Browning,* 8 Paige, 388; *Noe* v. *Gibson,* 7 id. 513; *Howell* v. *Ripley,* 10 id. 43.

We contend that, leaving out of view all of the other defects of appellant's case, the widow's award stands superior to his debt. We do not claim that if he had acquired a lien it would have been extinguished by the death of the defendant, but by the allowance of the award. A lien belongs to the remedy, and may be divested at any time. 1 Jones on Liens, secs. 107, 108; Cooley's Const. Lim. (4th ed.) 351.

It is the policy of the law to leave the estates of decedents to the probate court. *Crain* v. *Kennedy,* 85 Ill. 340; *Heustis* v. *Johnson,* 84 id. 61; *Freeland* v. *Dazey,* 25 id. 295.

The Appellate Court holds that the question of diligence does not arise here, because the widow is not a creditor; but this court has held otherwise,—that the widow is a creditor of the estate of her deceased husband in respect to her widow's award, (*Cruce* v. *Cruce*, 21 Ill. 46, *Deltzer* v. *Scheuster*, 37 id. 301,) and is entitled to priority over other creditors. *Phelps* v. *Phelps*, 72 Ill. 545; *Brenner* v. *Gauch*, 85 id. 368.

The widow's award is an exemption, (*Phelps* v. *Phelps, supra,*) and should be liberally regarded. *Recht* v. *Kelly*, 82 Ill. 147.

The Appellate Court decided that the co-partnership receiver was not a necessary party to the creditor's suit. This court has held, that even in the case of a naked trust the trustee must be a party in order that a decree may affect the trust estate, (*McGraw* v. *Bayard*, 96 Ill. 146, *Bennitt* v. *Mining Co.* 119 id. 9,) and that where a party comes in by amendment, the suit is pending as to him from the date of the amendment, only. *Crowl* v. *Nagle*, 86 Ill. 437.

The Appellate Court, after holding that appellee acquired a lien by the filing of his bill, treats the fund as if it no longer belonged to the King estate, and therefore the widow's award, being a charge on the estate of the decedent only, does not reach this fund; but it has been settled that a lien is not a title, but a charge, only, and gives no estate. Bispham's Eq. sec. 354; *Gilman* v. *Brown*, 1 Mason, 191; Pomeroy's Eq. Jur. secs. 165, 166, 1233.

Mr. S. K. Dow, for the appellee:

The judgment creditor who first institutes a suit obtains a priority over other creditors, in relation to the property and effects of the defendant, which can not be reached by execution at law. 2 Barb. Ch. Pr. (2d rev. ed.) 553; *Lyon* v. *Robins*, 46 Ill. 276; *First Nat. Bank* v. *Gage*, 93 id. 172; *McCalmont* v. *Lawrence*, 1 Blatchf. 232; *Boynton* v. *Ransom*, 1 Clarke, 584; *Gordun* v. *Lowell*, 21 Me. 251; *Lucas* v. *Atwood*, 2 Stew. 37.

The lien is not obtained by the return of the execution unsatisfied, but by the commencement of the suit—filing a creditor's bill, founded upon such return of execution at law. *Edmeston* v. *Hyde*, 1 Paige's Ch. 637; *Wakeman* v. *Grover*, 4 id. 23; *Russell* v. *Leslie*, 6 id. 445; *Commack* v. *Johnson*, 1 Green's Ch. 163.

The filing of a creditor's bill operates as an attachment of property, effects and equitable interests which can not be levied on at law. It gives to the vigilant creditor a right to priority in payment. The creditor who files the second bill will have the second lien. *Corning* v. *White*, 2 Paige's Ch. 568; *Railroad Co.* v. *Soutter*, 13 Wall. 517.

Upon a creditor's bill, every species of property belonging to the debtor may be reached and applied to the satisfaction of his debts; and his debts, choses in action and other equitable rights may be assigned or sold under the decree of the court for that purpose. *Edmeston* v. *Hyde*, 1 Paige's Ch. 637; *Craig* v. *Howe*, 2 Edw. Ch. 554; *Weed* v. *Pierce*, 9 Cow. 722; *Congden* v. *Lee*, 3 Edw. Ch. 304; *Thompson* v. *Nixon*, id. 547; *Brewster* v. *Powers*, 10 Paige's Ch. 562; *Benson* v. *Leroy*, 4 Johns. Ch. 651; *Cohen* v. *Carroll*, 5 S. & M. 545; *Wagner* v. *Speck*, 3 Ham. 294; *Platt* v. *Judson*, 3 Blackf. 235; *Demaree* v. *Driskel*, id. 115.

The lien upon equitable assets, acquired by the bill, is not extinguished by the death of the debtor before the appointment of a receiver, but survives against such assets in the hands of the administrator. *Brown* v. *Nichols*, 42 N. Y. 26.

The receiver's holding of the co-partnership property of the judgment debtor in this case was a trust. The receiver was the right hand of the court who heard this case. That court had jurisdiction over its receiver and the co-partnership funds in his hands, at the time of filing this creditor's bill and final hearing; and we suggest that the receiver, having no personal interest in the co-partnership assets in his hands, was not a

necessary party to the suit. *Bennitt* v. *Mining Co.* 119 Ill. 9; *Willis* v. *Henderson*, 4 Scam. 18.

Jurisdiction of a court of chancery to apply the property of a defendant, which is beyond the reach of an execution at law, to the satisfaction of the debt due to the judgment creditor, rests upon the ground that the remedy at law is exhausted.

Upon a creditor's bill, every species of property belonging to the debtor may be reached and applied to the satisfaction of his debts; and his debts, choses in action and other equitable rights may be assigned or sold under the decree of the court for that purpose. *Weed* v. *Pierce*, 9 Cow. 722; *Edmeston* v. *Clyde*, 1 Paige, 637; *Edgall* v. *Haywood*, 3 Atk. 352.

Per CURIAM: Having duly considered both the oral and printed arguments submitted in this case, and examined the authorities cited in the briefs of counsel, we concur in the conclusion reached by the Appellate Court, the reasons for which are satisfactorily stated in the following opinion by GARNETT, P. J., of that court:

"This is a creditor's bill, filed June 16, 1883, by appellant, against Claude B. King, Anna King, his wife, and Homer N. Hibbard, receiver of the Montello Granite Company, based on a judgment recovered at the April term, 1883, of the Superior Court of Cook county, in favor of appellant and against said Claude B. King, for $1076, and costs. Execution was issued and duly returned unsatisfied.

"The Montello Granite Company was the style of a co-partnership, composed of Claude B. King and James H. Anderson. In a suit to wind up the affairs of that firm, the Superior Court, on the 18th day of October, 1882, appointed H. N. Hibbard receiver of the firm's assets. At the time the bill in this case was filed, the receiver was proceeding with the duties of his office, and was in possession of the partnership effects. The purpose of the creditor's bill was to reach King's interest in the firm's assets, whatever it might appear to be on final

adjustment, and other equitable assets, for the payment of said judgment. The receiver was made a defendant to the creditor's bill, without leave of the Superior Court. He demurred to the bill, and his demurrer was sustained October 18, 1883. King and wife answered, admitting the co-partnership, and stating, among other things, that Claude B. King had no property, or interest in any, except his interest as copartner in the assets of the Montello Granite Company, in the hands of said receiver. Replication to the answer was filed October 25, 1883. On November 11, 1884, Claude B. King died, leaving his wife surviving. His death was suggested of record May 25, 1885. His wife, having been appointed administratrix of his estate by the probate court of Cook county, filed her answer, as administratrix, on July 8, 1885, stating the death of her husband; her appointment and qualification as administratrix; that the deceased left no estate except that involved in the litigation with his partner, Anderson; that all of said property is in the custody of the law, in the hands of a receiver; that it was probable that said estate will be insolvent, and that there would not be more property than enough to pay preferred claims. By her supplemental answer, filed March 12, 1888, she states that the whole personal estate of said Claude B. King had been appraised, and the appraisal approved by the probate court of Cook county, at $277; that the estate is insolvent; that her widow's award had been fixed at $1975, which she claims should be allowed to her out of any funds in the receiver's hands coming to the estate, in preference to the claim of appellant. On the 6th of November, 1885, the receiver was made a party defendant to the bill by leave of the court, and filed his answer November 17, 1885, alleging, in substance, that he was unable to determine the amount of King's interest in the assets of the Montello Granite Company. Replications were filed to the answers. It appeared, on the hearing, that the amount in the receiver's hands coming to King's estate is something over $1500, and that the

widow's award had been fixed at $1975. The court below dismissed the bill for want of equity.

"The general rule is, that the filing of a creditor's bill, and service of process, creates a lien on the equitable assets of the judgment debtor. It has been aptly termed an 'equitable levy.' Wait on Fraud. Con. sec. 68 ; 2 Wait's Actions and Defenses, 428 ; *First Nat. Bank* v. *Gage*, 93 Ill. 172 ; *Lynch* v. *Johnson*, 48 N. Y. 27 ; *Miller* v. *Sherry*, 2 Wall. 237 ; *Adist* v. *Butler*, 87 N. Y. 585.

"In the case at bar, no injunction was issued or receiver appointed. Was either necessary to make the 'equitable levy' perfect ? In *Storm* v. *Waddell*, 2 Sandf. Ch. 494, the court (p. 582) emphasizes the point that 'the lien was acquired by the commencement of the suit, and not by the order for a receiver, or his appointment.' And on pages 564, 565, it is said : 'Without regard to the injunction, the property of the defendant is subjected to the suit, wherever it may be, if the receiver can lay hold of it, or the complainant can reach it by the decree. * * * A receiver is a convenient but not indispensable part of the proceeding. No voluntary assignment of the debtor can impair the complainant's right, nor any intervening claim of other creditors. I speak in this outline, of equitable interests and things in action.'

"In *Roberts* v. *Albany and W. S. R. R. Co.* 25 Barb. 662, the court said : 'As soon as the judgment creditor's suit was instituted, the plaintiffs in that suit obtained a lien on all the choses in action of Rutter. All the title he had was subject to that lien ; all that he could pass was subject to it. When the receiver was appointed, (whether Rutter assigned to him or not,) he acquired the title to those choses in action which Rutter had when the action was commenced. In contemplation of law the title vested in the court when the action was commenced, and passed, as from that date, to the receiver.'

"In *Brown* v. *Nichols*, 42 N. Y. 26, it was held that the lien upon equitable assets, acquired by the commencement of an

action in the nature of a creditor's bill, is not extinguished by the death of defendant before the appointment of a receiver, but survives against such assets in the hands of the administrator.

"The Supreme Court of this State, in *First Nat. Bank* v. *Gage, supra,* cites the cases of *Storm* v. *Waddell,* and *Brown* v. *Nichols,* with approval, and states the law to be, that the filing of a creditor's bill, or at least the service of process, gives the complainant a lien upon the property of the judgment debtor by placing it under the control of the court, which will not suffer it to be withdrawn, so as to defeat the object of the bill by any subsequent act or title. 'As respects equitable interests and things in action, the rule appears to be, that the lien is fixed by the commencement of the suit.' (Page 175.)

"Admitting that the receiver must be considered as no party to the suit at or before the death of King, still the situation is not changed. King had an equitable interest in the fund sought to be reached, and as he was a party to the suit, the lien survived his death, and holds good against all claiming under him. . A decree against him would have been valid against his administratrix, although the receiver was not a party. *Bennitt* v. *Star Mining Co.* 119 Ill. 9.

"That the interest of King in the firm assets was uncertain at the time the creditor's bill was filed, is no barrier to complainant's suit, otherwise any undivided equitable interest, whose amount or value can not be ascertained except upon an accounting, or reduction of the fund to money, is secure against the attack of creditors.

"The widow's claim to her award is against the estate of her deceased husband. (Secs. 70, 75, chap. 3, Rev. Stat.) If there is no estate, she has nothing to rely on for the payment of the award. If the estate is encumbered by a valid lien, the award does not set aside the lien. She only has a claim on so much as may be left after satisfying the lien. In this case there is no estate to pay the widow's award until the lien

acquired by the creditor's bill is discharged. The receiver is a *quasi* trustee, holding the fund for the benefit of whoever may eventually establish title thereto. High on Receivers, sec. 1.

"If, therefore, a creditor's bill can only be maintained in cases of fraud and trust, as contended by appellee, the facts of this case are such that the jurisdiction attaches. The question of superior diligence only arises between creditors contending for priority of lien, and has no application here. The publicity with which a debtor's estate is surrounded by a trust which defies all the assaults of the ordinary process of law, can not be relied on as a protection against the equitable remedy of a creditor's bill.

"The decree of the Superior Court is reversed, and the cause remanded, with directions to enter a decree in conformity with this opinion."

If the defendants, Claude B. and Anna King, or Anna King, as administratrix, desired to raise the question as to the receiver being a necessary party to the bill, they should have done so by demurrer. Wait on Fraud. Con. and Creditors' Bills, sec. 133, and cases cited.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*