## MALCOM MCNEILL
### v.
## MAURICE LACEY AND GEORGE A. MOORE.
### SAME
### v.
## MAURICE WENDELL.

*Attachments— Garnishment —Assignment—Insolvent   Corporations —*
*Officers of—Personal  Claims—Payment.*

1.   This court can not consider alleged errors against persons not parties to a given appeal.
2.   The officers of an insolvent corporation must not use up its assets in the payment of their own claims.

[Opinion filed June 14, 1890.]

APPEAL from the Superior Court of Cook County ; the Hon· KIRK HAWES, Judge, presiding.

Mr. CHARLES H. ALDRICH, for appellant.

Messrs. WILLIAM NUNN, and FLOWER, REMY & HOLSTEIN, for appellees.

GARY, J.   These two cases involve the same question, and the first has in it also the question of fact, whether the appel-

lees were creditors at the time of the transaction which is the subject-matter of litigation, of the affirmative of which the record in that case contains satisfactory evidence which it would be useless to repeat.

The cases are attachments by the appellees, respectively, against the World's Pastime Exposition Company, in which the Illinois Central Railroad Company was summoned as garnishee. The railroad company paid the money now in controversy into court. The appellant claimed it by assignment from the exposition company, and the appellees by their garnishment. The appellant's brief argues the insufficiency of the evidence to support the verdict against the exposition company on the issue made by the affidavit for an attachment, but that question is not before the court, as the company has not appealed. Whether there be any error against the company, can not be determined on an appeal to which the company is no party. Several questions of practice, of no importance, are made, which need no attention.

The real controversy is upon the fact that the company, being insolvent, and the appellant being its president and a large creditor, and the railroad company owing it about $4,800; it transferred the claim to the appellant, presumably, though the record does not show it, to apply on account of the debt to the appellant, no other consideration being shown.

The case of Beach v. Miller, 130 Ill. 102, is emphatic that the officers of an insolvent corporation may not use up its assets in payment of their own claims. That an attempt to do so is void as against the process of an outside creditor.

So much of the money in court as is necessary to pay these appellees was, therefore, rightly adjudged to them.

*Judgment affirmed.*