WILLIAM E. FURNESS *et al.* Admrs.

*v.*

THE UNION NATIONAL BANK OF CHICAGO.

*Filed at Ottawa October 26, 1893.*

1. ADMINISTRATION OF ESTATES—*allowing claims—secured by collaterals.* A creditor secured by collaterals is permitted to prove his claim against an estate, for the full amount, because he has the double right of suing the debtor personally on the debt itself, and also of realizing from the property pledged as security. He may sue on the principal debt before resorting to the security. The right to sue on the debt, and the right to enforce the security, are concurrent rights, and proceedings to enforce them may be pursued until the debt is fully paid, and these rights remain the same if the debtor dies, and dies insolvent.

2. The creditor of an estate has a right to prosecute his claim against the estate in the hands of the administrator, as he has a right to prosecute it for the full amount against the debtor when alive. This right is subject to the condition that the whole amount of his claim is due to him when he files and proves it. If he has realized upon his collateral before filing and proving his claim, he voluntarily parts with the double right secured to him by the law, and can only proceed for what is actually due to him,—that is to say, for what remains of his claim after deducting the amount realized from the collateral.

3. SAME—*insolvent estate—allowing dividends on secured claims.* Where a creditor holding a claim secured by collaterals, against an insolvent estate of a deceased person, files and proves his claim for the full amount in the probate court, and has a trial of it before the court upon its merits, and, after it has been so filed and tried, realizes from his collaterals a sum which is less than the amount of his claim, he will be entitled to a dividend upon the whole amount of his claim until it is fully paid.

4. The collateral security does not become a part of the assets of the estate until the creditor's lien on it is discharged, and can not be made to benefit the other creditors, until the claim of the creditor having the lien upon it is paid in full. But the amount of the dividend upon the full amount proven, when added to the amount realized from the collateral, must not exceed the amount of the debt proven.

5. It makes no difference in the application of the rule permitting an allowance of the full claim, and dividends upon the full claim so allowed, whether allowance by the court is a judgment or not, or whether it draws interest or not. In case of insolvency, the claims to

be paid *pro rata* are the claims allowed. But if dividends may be paid upon the claims after they are allowed, application of the proceeds realized from the sale of collaterals can be made only after their allowance.

6. PLEDGE—*duty of pledgee to sell.* In the absence of express agreement to that effect, the pledgee is not obliged to sell the property pledged, at a specified time, even when requested to do so by the pledgor.

7. SAME—*expense of protecting.* Whatever reasonable expense is necessarily incurred by the pledgee in keeping and caring for the property pledged, and protecting it against liens and taxes and assessments, and asserting title to it, or rendering it available, is a fair charge against the property pledged.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

Mr. DAVID FALES, for the plaintiffs in error:

The presentation of the claim to the probate court is equivalent to the commencement of an action on it, and the allowance has the force and effect of a judgment. *Mitchell* v. *Mayo,* 16 Ill. 83; *Wheeler* v. *Dawson,* 63 id. 54.

Messrs. WILLITTS, ROBBINS & CASE, for the defendant in error:

The creditor may charge against the proceeds of a collateral such expenses in respect thereto as a reasonably prudent man would have incurred. *Starrett* v. *Barber,* 20 Me. 457; *Raley* v. *Ross,* 59 Ga. 862; *McCalla* v. *Clark,* 55 id. 53; *Hills* v. *Smith,* 28 N. H. 369; Jones on Pledges, sec. 400.

At the time this claim was filed and tried in the probate court nothing had been realized upon the collateral, and it is conceded that at those times the appellee was entitled to have its claim allowed for the full amount and interest, regardless of the collateral. *In re Bates,* 118 Ill. 524.

That appellee was entitled to dividends upon the full amount of his claim, see *Patten's Appeal,* 45 Pa. St. 151; *Morris* v.

*Oluine,* 22 id. 441; *Brown* v. *Bank,* 79 N. C. 244; *Sohier* v. *Lovring,* 6 Cush. 537; *Citizens' Bank* v. *Patterson,* 78 Ky. 291.

The right of the creditor is not changed by the debtor's death. *Mason* v. *Bogg,* 2 My. & Cr. 443; *West* v. *Bank,* 19 Vt. 403.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

On November 11, 1890, the defendant in error filed in the Probate Court of Cook County against the estate of James M. Gamble, deceased, proof of a claim held by it against said estate, consisting of two notes executed to it by said Gamble in his life-time, and secured by a certain collateral. The plaintiffs in error as administrators of the estate objected to the allowance of the claim. It came up for trial before the Probate Court on February 6, 1891, and was then heard and taken under advisement by that Court. It was held under advisement until November 2, 1891, on which day it was allowed for the amount hereinafter stated. It is conceded that the estate is insolvent, and unable to pay more than a small percentage upon the amount of its indebtedness. In August, 1891, the Bank, defendant in error, disposed of the collateral held by it as security, realizing therefrom an amount which was a little more than one third of the amount due to it, for principal and interest, upon its notes. The allowance made by the Probate Court was for the balance of the claim, as filed and proved upon the hearing, after deducting therefrom the net amount realized from the collateral. Upon appeal to the Circuit Court, the latter Court gave judgment for the full amount due upon the claim, but with a proviso that whatever the Bank should receive in dividends from the estate, added to the amount realized by it from its collateral, should not exceed the amount actually due to it upon its claim. The judgment of the Circuit Court has been affirmed by the Appellate Court, and such judgment of affirmance is brought here for review by writ of error.

The question presented is this : where a creditor, holding a claim secured by collaterals, against the insolvent estate of a deceased person, files and proves his claim for the full amount in the Probate Court, and has a trial of it before the Court upon its merits, and, after it has been so filed and proved and tried, realizes from his collaterals a sum which is less than the amount of his claim, is he entitled to a dividend upon the whole amount of his claim as proven, or only to a dividend upon the difference between such amount and the sum realized from his collateral security ? In *In re Bates*, 118 Ill. 524, we decided that the assignee under an assignment for the benefit of creditors should pay the secured creditor a dividend upon the whole amount of his claim as proved and reported, and not a dividend merely upon the excess of the claim over the value of the security, or over the amount realized from the security after the filing and proving of the claim.

We see no reason why the same principle is not applicable in the distribution of *pro rata* dividends upon claims filed and proved in the Probate Court against the estates of deceased insolvents. (*Mason* v. *Bogg*, 2 Mylne & Craig's Ch. Rep. 443 ; *Kellock's Case* and *Ex parte Alliance Bank*, L. R. 3 Ch. App. pages 769 and 771; *West* v. *Bank of Rutland*, 19 Vt. 403). A creditor, secured by collaterals, is permitted to prove his claim for the full amount, because he has the double right of suing the debtor personally on the debt itself, and also of realizing from the property pledged as security. He may sue on the principal debt before resorting to the security. (*Cushman* v. *Hayes*, 46 Ill. 145 ; *Archibald* v. *Argall*, 53 id. 307; *Wilhelm* v. *Schmidt*, 84 id. 183 ; *Darst* v. *Bates*, 95 id. 493). The right to sue on the debt, and the right to enforce the security, are concurrent rights, and proceedings to enforce both of them may be pursued until the debt is paid in full. These rights remain the same if "the debtor dies and dies insolvent." (*Mason* v. *Bogg, supra; Ex parte Alliance Bank, supra*). The creditor has a right to prosecute his claim for the full amount

against the estate of the deceased debtor in the hands of the administrator, as he had a right to prosecute it for the full amount against the debtor when alive. Of course, this right is subject to the condition that the whole amount of his claim is due to him when he files and proves it. If he has realized upon his collateral before filing and proving his claim, he voluntarily parts with the double right secured to him by the law, and can only proceed for what is actually due to him, that is to say, for what remains of his claim after deducting the amount realized from the collateral. The collateral security does not become a part of the assets of the estate until the creditor's lien upon it is discharged, and cannot be made to benefit the other creditors until the claim of the creditor having the lien upon it is paid in full. But the amount of the dividend upon the full amount proven, when added to the amount realized from the collateral, must not exceed the amount of the debt proven.

In the absence of express agreement to that effect, the pledgee is not obliged to sell the property pledged at a specified time, even when requested to do so by the pledgor. (*Badlam* v. *Tucker,* 1 Pick. 400 ; *Robinson* v. *Hurley,* 11 Iowa, 410 ; *M. & N. Elevator Co.* v. *Betcher,* 42 Minn. 210). But if a creditor, who has filed and proved his claim for the full amount in the probate court, can only be allowed the difference between such amount and the sum thereafter realized by disposing of his collaterals, there will be a temptation to prolong the litigation and delay the allowance in order that he may be forced to dispose of his collaterals, so that the dividends coming to him may be calculated upon a reduced claim. By such a course of proceeding the secured creditor may be deprived of his right, under the law, to proceed both against the estate and the security, until he gets payment in full. (*Patten's Appeal,* 45 Penn. St. 151 ; *Miller's Estate,* 82 id. 113 ; *Citizens' Bank of Paris* v. *Patterson,* 78 Ky. 291 ; *Brown* v. *Merchants' Bank,* 79 N. C. 244).

It makes no difference in the application of the rule, permitting an allowance of the full claim and dividends upon the full claim as so allowed, whether the allowance by the court is a judgment or not, or whether it draws interest or not. In case of insolvency, the claims to be paid *pro rata* are the claims allowed. (Rev. Stat. chap. 3, sec. 71). If dividends may be paid upon the claims after they are allowed, application of the proceeds realized from the sale of collaterals can be made upon them after their allowance.

In its account, the Bank makes certain deductions from the proceeds of the sale of the collateral security for expenses incurred by it in protecting and disposing of the security. We find nothing unreasonable in any of these deductions. Whatever reasonable expense is necessarily incurred by the pledgee in keeping and caring for the property pledged, and protecting it against liens and taxes and assessments, and asserting title to it, or rendering it available, is a fair charge against the property. (*Hills* v. *Smith*, 28 N. H. 369; *Starrett* v. *Barber*, 20 Me. 457; *McCalla* v. *Clark*, 55 Ga. 53; *Raley* v. *Ross*, 59 id. 862; Jones on Pledges, sec. 400).

Whatever defect there may have been in the execution of the agreement, authorized by the Probate Court to be made between the Bank and the administrators of the estate, is cured by the stipulation, entered into and signed by both parties, as to the agreed state of facts upon which the case was tried in the court below. The stipulation admits the execution of the agreement by both parties in the following words: "for the purposes of the hearing of this case, * * * the following facts are stipulated between the parties hereto: * * * that on the 15th day of January, 1890, * * * the said administrators and the said Union National Bank executed a certain agreement, a copy of which is hereto attached as Exhibit B."

The judgment of the Appellete Court is affirmed.

*Judgment affirmed.*