THE FIRST NATIONAL BANK OF PEORIA

*v.*

THE COMMERCIAL NATIONAL BANK *et al.*

*Filed at Ottawa, June 19, 1894.*

1. INSOLVENT'S ESTATE—*proof of secured claims.* In the settlement of insolvent estates, a creditor will be allowed to prove his whole debt without regard to any collateral security he may hold, and will be entitled to a dividend on his whole debt.

2. But if such creditor has two separate demands against the estate, one of which is secured by first mortgage, and the other by a second mortgage, and he is paid in full the debt secured by the prior lien out of the proceeds of the mortgaged property, he will not be entitled to a dividend on both of his claims, even though they are allowed as a single demand, but only to a dividend on the debt not so paid. By the payment of the first debt in full it is extinguished, and no dividends will be made on it in favor of the creditor to apply on his second due claim.

3. By the payment of the debt first secured it is extinguished, and has no existence as a claim thereafter, and can not enter into any claim

as a part thereof and be a basis for adding to the distributive amount of another claim, or another item going to make up the whole claim.

4. COUNTY COURT—*equitable powers in the administration of insolvent estates.* In the administration of insolvent estates, the County Court may exercise equitable powers, and may examine into and segregate claims made up of different items, and make a distribution thereof that will not give preferences and unjust advantage.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Peoria County; the Hon. SAMUEL D. WEAD, Judge, presiding.

On June 9, 1892, the Transcript Publishing Company made its promissory note to one Arthur Keithley, for the sum of five thousand dollars, with interest at the rate of seven per cent per annum, due and payable two years from date. To secure the said indebtedness, the company executed a chattel mortgage on certain of its property. This note was by said Keithley, on the same day, endorsed and delivered to the First National Bank of Peoria, the appellant herein. On June 21, 1892, the said company was further indebted to the said appellant in the sum of $5,589.78, which was the aggregate of three several notes then owing by said Transcript Publishing Company to appellant, and which had been made payable to others and endorsed to it. At that time the Transcript Publishing Company was indebted to appellees and divers other persons in a sum of over $15,000. The indebtedness to appellant, to appellees and divers other persons aggregating a sum of more than $21,000, was secured by said company by the execution of a chattel mortgage on the same property described in the mortgage made on the 2d of June to secure the Keithley note; that that property was subject to both mortgages to secure a sum of over $25,000. On June 25, 1892, appellant seized the mortgaged property, and to preserve its value expended the sum of $201.89, and on about the 10th of July advertised the property for sale

under both mortgages. On July 29, 1892, The Transcript Publishing Company made an assignment to one John D. McClure, of all its property and effects, and on the next day, by an agreement between the mortgagees on both mortgages and the assignee, all the mortgaged property was turned over to the assignee, the relative right of the parties to liens to remain as to the proceeds of sale, as they then were to the property. At the time of the assignment, the assignor was indebted to divers other persons than those secured by the above mortgages in a large sum, exceeding $9,000.00. The assignee made a sale of the assigned property and effects, and the court found there was realized from the sale of the property subject to the mortgages, the sum of $10,207.21, and deducted therefrom as its proportionate part of court costs and expenses of preserving the property, the sum of $1,883.45, leaving a balance of $8,323.75, to be distributed among the mortgage creditors. That amount, under the order of court, was distributed by paying, first, the appellant the amount secured by the mortgage of June 2, 1892, and the expenses of appellant whilst in possession before the assignment, aggregating the sum of $5,339.10. The residue of the amount to be distributed to the second mortgagees, secured by the mortgage of June 21, 1892, was the sum of $2,984.65, which was ordered distributed to those mortgagees. There was realized from the assigned estate other than the mortgaged property, a net sum of $6,334.92, which was ordered distributed to all the creditors. The distribution of the estate to the general creditors was made under the following order:

"In making such last distribution, each creditor shall be entitled to receive a dividend upon the total amount of his claim, as the same was proven and reported by the assignee herein, independent of any priorities, and also including in the total of such claims such interest as he may by law be entitled to receive." Under this order, with the order as

to priority, the estate would be distributed, so as to pay in full the indebtedness secured by first mortgage, $5,339.10, $2,984.65 to be distributed to the second mortgage creditors, whose claims aggregated $21,117.59, and which would make a dividend thereon of about 14⅛ per cent. The claims of all the creditors amount to the sum of $35,445.69, and the sum of $6,379.89 not subject to priorities to be distributed to all the creditors under the foregoing order would allow a dividend of 18 per cent to be made. When appellant proved its claim, the claim for indebtedness secured by both mortgages was aggregated and proven at the sum of $11,113.10. Under the order above, distribution would be made to appellant on the above claim of 18 per cent, and the assignee so construed it, and the court subsequently ratified that construction. The question arising in this record is on the order above quoted as to the distribution of 18 per cent to appellant on his whole claim, after he had been paid in full the first mortgage debt. The Appellate Court held it was error to so make the order.

Mr. Arthur Keithley, for the appellant:

As to the right of appellant to dividends upon his entire claim proved against the estate, see: *Furness* v. *Union Nat. Bank*, 147 Ill. 570; *Graeff's Appeal*, 79 Pa. St. 146; *Allen* v. *Davidson*, 15 R. I. 480; *People* v. *Remington*, 121 N. Y. 328; *Nat. Bank* v. *Haug*, 82 Mich. 607; *Brown* v. *Merchant's Bank*, 79 N. C. 244; *Mechanic's Loan and Trust Co.* v. *Bank*, 27 Ill. App. 154; *Lewis* v. *U. S.*, 92 U. S. 618.

Messrs. Jack & Tichenor, for the appellees:

As to the same question, cited Jones on Pledges, sec. 587, 544–551; *Field* v. *Ridgely*, 116 Ill. 424; *Jack* v. *Weiennett*, 115 id. 105; *In re Bates*, 118 id. 524; *Mechanic's, etc., Co.* v. *Bank*, 27 Ill. App. 154; *Baldwin* v. *Bradley*, 69 Ill. 32; *Adams* v. *Sturges*, 55 id. 468.

Mr. Justice Phillips delivered the opinion of the Court:

All the assigned property had been sold and the proceeds were in the possession of the assignee before any distribution was ordered. The sale included the mortgaged property as well as that not subject to priority of liens. The court recognized the right of the secured claims to be first paid out of the mortgaged property. The secured claims were the note secured by the mortgage of June 2, 1892, and the divers claims secured by the mortgage of June 21, 1892. The mortgaged property, when sold, paid in full the note secured by the mortgage of June 2, together with the expense incident to seizing the same before the execution of the deed of assignment, aggregating the sum of $5,339.10. This sum constituted a part of the claim proven by appellant, which amounted to the sum of $11,113.10. And the question presented by this record is whether the appellant shall receive a dividend on the sum of $11,113.10, or on that sum less $5,339.10 paid in full. It is insisted by appellant, that that part of section 6 of the act concerning voluntary assignments, which provides that: "The said court shall order the assignee or assignees to make from time to time fair and equal dividends among the creditors of the assets in his or their hands, in proportion to their claim," etc., gives the appellee a right to a dividend on the amount of his whole claim; and it is urged that the decision of this court, *In re Bates*, 118 Ill. 524, is conclusive of that question. In the Bates case, the insolvents were indebted to Annie G. Paddock in the sum of $1,000.00, and had executed a mortgage to secure the indebtedness. After the assignments, her claim was filed and proven in the sum of $1,017.00. The value of the property mortgaged was $765.75, and the court ordered that she be paid a *pro rata* dividend on the excess of her claim over the value of the mortgaged property, and a like per cent on the value of the mortgaged property should be retained by the assignee

until the creditor had realized on the mortgaged property. This court held: "After the assignment, she could claim her dividend on her whole debt out of the general assets of the estate, though possessed of a special security," and after a full discussion and examination of the authorities, held the rule to be, in the settlement of insolvent estates, that the creditor should be allowed to prove his whole debt, without regard to any collateral security he might hold, and should be paid *pro rata* dividends on his whole debt. The question was again before this court in reference to claims against an insolvent estate, in *Furness et al.* v. *Union Natl. Bank*, 147 Ill. 570. The facts of that case were, that the creditor held two notes, both secured by a certain collateral, and it was there held: "It makes no difference, in the application of the rule permitting an allowance of the full claim and dividends upon the full claim as so allowed, whether the allowance by the court is a judgment or not, or whether it draws interest or not. In case of insolvency, the claims to be paid *pro rata* are the claims allowed." In *Yates et al.* v. *Dodge, Exr.*, 123 Ill. 50, a similar question was before this court, and it was held: "Whatever dividend he might receive from the general assets in the hands of the assignee would be applied to the reduction of his claim, and whatever surplus might remain after applying it to the claim as thus reduced, the proceeds of the real estate under the judgment in the attachment, proceedings would belong to the assignee, to be used for the benefit of the other creditors." In each of these cases, there was a single claim, one debt—secured by certain collateral; and the facts are different from those in this record. The rule of law announced in the foregoing cases is applicable, however. Here, appellant has two classes of debts—one, a note secured by collateral, sufficient to pay that debt in full; the other, a debt evidenced by several notes, secured by collateral that pays on that debt a *pro rata* dividend of 14⅓ per cent, and a distribution is further

made from the proceeds of property not mortgaged.   As filed in the County Court as a claim against the insolvent estate, they are consolidated, and it is urged that they constitute one claim.   In the administration of insolvent estates the County Court may exercise equitable powers, and may examine into and segregate claims made up of different items, and make a distribution thereon that will avoid preferences and unjust advantage.   By the payment of the debt of $5,339.10, it was extinguished as a debt.   It had no existence as a claim after such payment, and could not enter into any claim as a part thereof and be a basis for adding to the distributive amount of another claim, or another item going to make up the whole claim.   To do so, would be to give such other part of a claim an advantage by way of preference.   If the assignee, instead of paying that claim in full out of the proceeds of the mortgaged chattels, had retained in his hands a sum sufficient to pay the claim in full, and had paid 18 per cent on the whole claim proven by appellant, then on this whole claim of $11,113.10 there would have been paid $2,000.35.   The proportionate part paid on the debt with the prior lien, $5,339.10, would have been $961.03.   With this sum paid on that debt, out of assets derived from the sale of the mortgaged property, the residue could have been paid in full, and there would have remained in the hands of the assignee $961.03 to be distributed on other claims.

Because of its being proven as a part of a claim, one of several items going to make up the whole claim, does not destroy its character in equity as a separate debt.   It can not be held, after its payment, it has any existence to receive a proportionate dividend, or add to the dividends to be paid on the other items of the claim.

The County Court erred in ordering that each creditor should be paid a dividend upon the full amount of his claim as the same was proven, after ordering an item constituting a part of appellant's claim paid in full.   There

was no error on the part of the Appellate Court in reversing and remanding that order. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*