Oscar Nelson, Auditor of Public Accounts of the State of Illinois, Complainant, v. John B. Colegrove & Company State Bank et al., Defendants.
Bank of Commerce Liquidating Company, Appellant, v. R. Digby Large, Receiver of the John B. Colegrove & Company State Bank, Appellee.

Gen. No. 8,775.

Opinion filed October 13, 1933.

PROVINE & WILLIAMS, for appellant.

OSCAR J. PUTTING, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

On October 11, 1929, Oscar Nelson, auditor of public accounts by virtue of the authority conferred upon him by the statute, closed the John B. Colegrove & Co. State Bank, and took possession of its assets and appointed Robert G. Earley receiver, whose appointment was confirmed by the circuit court of Christian county. He subsequently resigned as such receiver, and H. Digby Large, appellee, was appointed receiver in his stead.

Prior to its suspension said bank borrowed from appellant the sum of $35,000, and executed and delivered its note for the same, and secured said note by

pledging with appellant a large number of its customers' notes as collateral security of the aggregate face value of $101,505.

On July 5, 1930, appellant filed with the receiver of the John B. Colegrove & Co. State Bank proof of its original claim in the sum of $13,364.33, prior to which time and subsequent to the suspension of said bank it had sold and liquidated all of the collateral security held by it. Appellant, by leave of court, filed its amended claim in the sum of $35,000 on January 12, 1933, and attached to said claim a memorandum stating that the claim was based upon the amount due claimant from the John B. Colegrove & Co. State Bank, at the time of the suspension of the State Bank, evidenced by the promissory note of $35,000 dated July 15, 1929, due October 15, 1929; that no part of the principal had been paid prior to the suspension of said bank, and no part thereof had since been paid by said bank or by the receiver thereof; that the note was secured by the pledging by said bank of certain of its customers' notes as collateral security, and out of the collection and sale of said collateral notes claimant received a total of $21,862.67, leaving a balance then due of $13,137.33; that notwithstanding the receipt by claimant of said payments from the collateral notes held by it, it is entitled to have its claim allowed in the full amount due at the time of the suspension of said bank, to wit, in the sum of $35,000.

The proof shows that at the time the bank closed its doors there was due appellant on said note the sum of $35,000, and that between that time and July 5, 1930, the date upon which it filed its original proof of claim, it had received by the collection and sale of the collateral securities the sum of $21,862.67, and appellee contends that said sum should be deducted from the total amount of the claim before its allowance, and that the claim should be allowed in the sum of $13,137.33.

The circuit court entered a decree in which it found that the claimant, the Bank of the Commerce Liquidating Co., should be allowed a general claim in the amount of $13,137.33 against said John B. Colegrove & Co. State Bank, and that claimant was not entitled to the allowance of a claim in the sum of $35,000, and ordered that claimant be allowed a general claim against said bank in the sum of $13,137.33, to be paid in the due course in the general liquidation of said bank.

The only question to be determined is whether appellant shall participate in dividends upon the basis of the amount due at the time of the suspension of the bank, to wit, the sum of $35,000, or upon the basis of the amount due after the liquidation of the collateral held by it to secure said note, to wit, the sum of $13,137.33.

This exact question seems never to have been determined in this State in so far as it applies to claims against insolvent banks, and while similar questions have been determined in cases growing out of the administration of estates, proceedings in bankruptcy and assignment for the benefit of creditors, it is claimed that such decisions were more or less based upon statutory enactments and not controlling as to the question here involved. The question is as to whether the reasoning and principles laid down in the determination of those cases should be applied here, or were such decisions so far influenced by legislative enactments as to be of so little value that the question here involved should be treated as one of first impression in this State. While there are very few cases that have been considered by our Supreme Court where the questions determined were in any way analogous to the one here involved, yet in each instance the court has consistently adhered to the rule first announced.

Our attention is first called to the case of *In re Bates,* 118 Ill. 524. In that case Sower Bros. on July 2, 1883, made a trust deed upon certain real. estate to

secure three notes to Anna G. Paddock; on April 26, 1884, they made an assignment for the benefit of their creditors; Anna G. Paddock, appellee, filed her claim with the assignee for the full amount thereof. The assignee filed his report in the county court, showing that the total claims filed, including the claim of appellee, amounted to $14,423.58, and that the total amount in his hands subject to distribution was $5,162.65; that appellee's claim amounted to $1,043.33, and that the property described in the trust deed was worth only $765.75. The county court ordered the assignee to pay her dividends only on the excess of her claim over the $765.75 until her rights in the mortgaged property should be determined and realized upon. On appeal to the circuit court this order was affirmed. The Appellate Court reversed the decision of the circuit court, and directed that an order of distribution be entered giving appellee a dividend upon the full amount of her claim, and the Supreme Court affirmed the Appellate Court and held that in the settlement of an insolvent estate the creditor has a right to prove his claim for the full amount due and to receive dividends thereon even though his claim is a secured one. In this case, however, nothing had been collected upon the collateral security prior to the presentation of the claim.

In the case of *Furness v. Union Nat. Bank,* 147 Ill. 570, the bank filed a claim in the probate court of Cook county against the estate of the deceased, which was secured by certain collateral notes that had not been realized upon. The claim was tried by the probate court and taken under advisement, and while so under advisement the bank disposed of the collateral and realized an amount equal to about one-third of the claim. The allowance made by the probate court was for the balance of the claim as filed and proved upon the hearing, after deducting the net amount realized from the collateral.

When the case reached the Supreme Court it was held that when a creditor, holding a claim secured by a collateral against an insolvent estate of a deceased person, filed and proved his claim for the full amount, and after it had been filed and proved realizes from his collateral a sum which is less than the whole amount of his claim, is entitled to a dividend upon the whole amount of his claim as proven.

The court further held that the right to sue on the debt and the right to enforce the security are concurrent rights, and proceedings to enforce both of them may be prosecuted until they are paid in full. It was, however, said: ''Of course, this right is subject to the condition that the whole amount of his claim is due to him when he files and proves it. If he has realized upon his collateral before filing and proving his claim, he voluntarily parts with the double right secured to him by the law and can only proceed for what is actually due to him, that is to say, for what remains of his claim after deducting the amount realized from the collateral.''

Appellant contends that no such question was involved or presented for decision in the *Furness* case, and that the above quotation from the opinion was in no way necessary to the decision of the case. We are of the opinion that this is not strictly true, as what was said was a part of and explanatory of the rule announced, and this must be true as this same language is quoted with approval in a later case. *Levy v. Chicago Nat. Bank,* 158 Ill. 88.

In the case of *Levy v. Chicago Nat. Bank,* 158 Ill. 88, the rights of a creditor to participate in the estate of an insolvent debtor is involved. Herman Schaffner & Co. made an assignment for the benefit of creditors on June 3, 1893, at which time they were indebted to the Chicago National Bank in the sum of $100,000. The bank held as collateral security for this indebted-

ness certain customers' notes. On September 9, 1893, the day that the bank filed proof of its claim, it had collected upon the collateral security the sum of $66,012.88. This sum consisted of various amounts paid by the makers of the collateral notes at different times between June 3, 1893, the date of the assignment, and September 9, 1893, the day of the filing of the claim. Nothing had been paid on these notes, held as collateral, at the time the assignment was made.

The county court allowed the bank to participate in the dividends on the basis of its claim as it stood on the day of the assignment. This order of the county court was affirmed by the Appellate Court. Upon appeal the Supreme Court, in reversing and remanding the judgment of the county court, said: ''The county court erred in not deducting from appellee's claim the amounts collected from the collateral notes prior to the day on which the proof of claim was filed, to-wit, September 9, 1893.''

In this case the question was directly presented to the court whether the bank was entitled to receive dividends on the amount of its claim as it existed on the day of the assignment or on the amount of the debt as it existed on the day of the filing of the proof of claim. The court held that the proper basis was the amount due at the time the preliminary proof of the claim was filed and not at the date of the assignment.

The court, in the *Levy* case, after having reviewed a number of authorities, said: ''Our conclusion is, that the amount, upon which the secured creditor is entitled to receive dividends from the assets of the insolvent estate, is the amount actually due to the creditor when he files his proof of claim, or presents his claim under oath; that the subsequent hearing upon objections or exceptions should be directed to the inquiry as to what was due at that date; that the amount due at that date is to be ascertained by the deduction

from the principal debt of all payments made before that date, whether realized from collaterals, or otherwise, but that amounts realized from collaterals after that date are not to be deducted, subject always to the qualification that the dividends received from the general assets, and the amounts realized from the collateral security, shall not together exceed the amount due the creditor upon his claim.''

The estate of the John B. Colegrove & Co. State Bank was being administered under a receivership, and was an insolvent estate, and the rule announced in the above case applies equally to all insolvent estates, and we can see no reason why it should not be applied in the adjudication of claims against the estate of insolvent banks. The fact that the rule may be in conflict with the one adopted by other jurisdictions is no reason for its abandonment and the adoption of another and a different rule. The doctrine of *stare decisis* should be enforced whenever possible, especially as to the business and commercial relations of the country in order to maintain stability therein.

The decree of the circuit court is affirmed.

*Affirmed.*