*In re* ESTATE OF JAMES EDWARD BROOKS, Deceased (The United States of America, Appellant; Dorothy Moore, Ex'r of the Estate of James Edward Brooks, Appellee).

Fifth District   No. 5—84—0277

Opinion filed June 14, 1985.

JONES, P.J., dissenting.

Frederick J. Hess, United States Attorney, and Michael Carr, Assistant United States Attorney, both of East St. Louis, and Glenn L. Archer, Jr., Assistant Attorney General, of Washington, D.C., for appellant United States of America.

Michael L. Paup, William E. Estabrook, and Thomas A. Gick, all of Department of Justice, of Washington, D.C., for appellant United States of America.

Don E. Prosser, of Gilbert, Kimmel, Hoffman & Prosser, Ltd., of Carbondale, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The United States appeals from a judgment entered by the circuit court of Jackson County in a proceeding brought by the executrix of the estate of James Edward Brooks to obtain direction concerning competing claims of various creditors of the estate. The circuit court held, among other things, that the surviving spouse's and children's awards granted by sections 15—1 and 15—2 of the Illinois Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, pars. 15—1 and 15—2) take priority over claims of the United States for unpaid taxes owed by the decedent and assessed before his death. For the reasons which follow, we affirm the judgment of the circuit court.

Section 6321 of the Internal Revenue Code of 1954 (26 U.S.C. sec. 6321 (1982)) provides that, if any person liable to pay Federal tax refuses to do so after demand, the amount owed "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Section 18—10 of the Probate Act of 1975, however, sets forth a classification scheme in which debts due from an estate to the United States do not have first priority:

"All claims against the estate of a decedent are divided into classes in the manner following:

1st: Funeral expenses and expenses of administration.

2nd: The surviving spouse's or child's award.

3rd: Debts due the United States.

\* \* \*

7th: All other claims." (Ill. Rev. Stat. 1983, ch. 110½, par. 18—10.)

Section 18—13 of the Probate Act (Ill. Rev. Stat. 1983, ch. 110½, par. 18—13) directs the representative of the estate to pay claims against the estate in the order of their classification.

On appeal in this case, the United States contends that the trial court erred in not giving its claim for taxes priority over the statutory spouse's and child's awards. In *Smith v. Commissioner of Internal Revenue* (1931), 24 B.T.A. 807, 811, the Board of Tax Appeals had occasion to address the question presented here:

"The priority of Federal taxes given by statute, section 3466, R.S. (see *Price v. United States*, 269 U.S. 492) in any event, is over debts, not payments required by law to be made to a widow as her statutory allowance out of the estate of her deceased husband. Such statutory allowance is not a debt and the payment thereof therefore is not a payment of a debt. Under the Illinois law this takes priority over all debts except funeral expenses. See par. 75, ch. 3, Callaghan's Illinois Statutes Annotated, vol. 1, p. 410. The priority of the United States on account of taxes extends to any assets or funds available for the payment of debts. *United States v. Johnston*, 5 Fed. (2d) 951. The widow's allowance not being available for the payment of debts, we do not think the Government's claim for taxes has priority over it."

We find the reasoning of *Smith* to be persuasive, and adopt it here. We note that *Smith* has subsequently been cited with approval. (*Schwartz v. Commissioner of Internal Revenue* (8th Cir. 1977), 560 F.2d 311, 314-15 n.7.) We also note that, while the United States argues the existence of its lien in this court, the record reveals no attempt by the United States to enforce its rights under the asserted lien claims. (See 26 U.S.C. sec. 7403 (1982).) Under these circumstances, where the government has thus far elected to proceed as a creditor of the estate and not as a lienholder, we see no basis for distinguishing this case from *Smith*, and no need to decide whether, should the United States at some point attempt to enforce its purported lien, such lien would have priority over the awards at issue

here.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

WELCH, J., concurs.

PRESIDING JUSTICE JONES, dissenting:
I respectfully dissent.

The majority opinion

(1) fails to consider the only issue presented by this appeal, which is whether liens (not claims) for taxes have priority over the surviving spouse's and children's awards in the settlement of the decedent's estate;

(2) fails to discuss the applicability or primacy of Federal law;

(3) disregards the option of a secured creditor to proceed as a creditor against an estate and still secure the benefit of its paramount claim to property of the estate;

(4) fails to cite, follow or seek to distinguish a case of the Illinois Supreme Court that directly bears on the issue involved, *King v. Goodwin* (1889), 130 Ill. 102, 22 N.E. 533; and

(5) places principal reliance upon a case, *Smith v. Commissioner of Internal Revenue*, that did not involve tax liens and that was decided, not under the tax lien statute here at issue, but under another statute dealing with the priority of non-lien claims of the United States in the administration of insolvent estates (sec. 3466, Ill. Rev. Stat., now 31 U.S.C. sec. 3713 (1982)).

I have some difficulty recognizing the opinion of the majority as being a disposition of the issue in this case. Furthermore, it is a case of first impression and presents an issue of importance in the settlement of decedents' estates. Accordingly, I have chosen to go beyond the confines of an ordinary dissent in order to give what I believe to be a fair statement of the issue and what I believe is its proper resolution.

The decedent, James Edward Brooks, died on April 26, 1983, survived by a widow and two minor children. Prior to the decedent's death, the Internal Revenue Service had made assessments against him for unpaid withholding and income taxes in the amount of $71,335.25. Notice of lien as to these taxes had been filed before the decedent's death, except for withholding taxes in the amount of

$1,592.72, notice of lien of which was not filed until May 25, 1983. Additional taxes were assessed against the decedent after his death in the amount of $18,232.79.

During the administration of the estate, numerous claims were filed against the estate by creditors of the decedent. On July 29, 1983, the United States filed a claim for the tax liabilities assessed against the decedent during his lifetime in the amount of $71,335.25, plus interest. On March 5, 1984, the United States filed an additional claim in the amount of $18,232.79, plus interest, for taxes assessed after the decedent's death. The United States, through the Department of Health and Human Services, also filed a claim for Medicare overpayments in the amount of $584.70.

In addition to these claims against the estate, a petition for child's award was filed by the decedent's two minor children not residing with the widow. The trial court, upon a hearing, awarded the statutory minimum of $2,000 to each of the minor children. On November 22, 1983, the decedent's widow filed an application for surviving spouse's award. The trial court subsequently allowed claims in an amount in excess of $100,000 and fixed the widow's award at the statutory minimum of $10,000, but reserved ruling on the classification of the claims and the family awards.

The United States then filed a motion for summary judgment in which, relying upon sections 6321 and 6323 of the Internal Revenue Code of 1954 (26 U.S.C. secs. 6321, 6323 (1982)), it claimed priority over the family awards and the claims of other creditors to the extent that it had tax liens against the decedent that arose prior to his death. The government agreed, however, that "reasonable administration expenses may be paid ahead of tax claims."

The trial court, in a letter dated April 5, 1984, advised counsel of its decision that priority of the competing claims was controlled by the classification scheme of section 18—10 of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 18—10). The court stated its conclusion that this classification scheme did not violate the Federal constitution, statutes or regulations of the Internal Revenue Service but was compatible with them. The court reasoned:

"Although debts due to the United States *** have priority over all other debts of the decedent incurred during his lifetime, funeral expenses and expenses of administration, surviving spouse's award and children's awards are not debts of the decedent but are statutory charges against the estate. These charges arise after the death of the decedent and must be given priority over all of the prior debts of the decedent in-

curred during his lifetime."

The court ruled, therefore, that the surviving spouse's and children's awards be classified as "second class" claims and that all the Federal tax claims be classified as "third class" claims. The court also directed that funeral expenses and costs of administration be allowed as "first class" claims. All other claims were either disallowed or allowed as "seventh class" claims.

On appeal the United States takes issue only with that portion of the court's judgment providing for payment of the surviving spouse's and children's awards before payment of Federal tax liabilities for which it had liens that arose prior to the decedent's death. It is the government's contention that these liens against the decedent's property were not divested by his death but continued after his death and that the property thus passed into the decedent's estate subject to the liens. Since, the government asserts, the priority of Federal tax liens is determined by Federal rather than State law, and since the Federal tax lien statute makes no provision for priority of State-created family awards, its tax liens here were entitled to priority of payment over the spouse's and children's awards in the administration of the decedent's estate. While the government notes further that its tax liens would also be prior to payment of funeral and administration expenses, the government effectively conceded this point in the trial court and makes no issue of it on appeal.

The Federal tax lien statute (26 U.S.C. sec. 6321 (1982)), set forth in the majority opinion, provides for the imposition of a lien upon all property of a taxpayer for failure to pay taxes after demand. The tax lien arises at the time assessment is made (see 26 U.S.C. secs. 6201 through 6203 (1982)) and continues "until the liability for the amount so assessed *** is satisfied or becomes unenforceable by reason of lapse of time." (26 U.S.C. sec. 6322 (1982).) Section 6323 (26 U.S.C. sec. 6323 (1982)), governing the validity and priority of such a lien against certain persons, requires that notice of the tax lien be filed before it shall be valid against purchasers, holders of security interests, mechanic's lienors and judgment lien creditors. While, under section 6323, other State-created interests are given "superpriority" status even though notice of the tax lien has been filed, none of those interests are at issue here, and no exception is made for State-created family awards.

It is undisputed in this appeal that the decedent's estate is insufficient to pay the claims of all parties. Despite the trial court's finding, therefore, that there was no conflict between the classification scheme of section 18—10 and Federal statute, this conclusion is erroneous to

the extent that the court's ruling would allow for payment of the surviving spouse's and children's awards out of estate assets subject to the government's Federal tax liens. Since, by virtue of section 6321, the government had liens against all the decedent's property except that exempted by statute (see 26 U.S.C. sec. 6334 (1982)), it is necessary to determine the priority of such liens vis-a-vis the family awards that would be satisfied out of the same property (see Ill. Rev. Stat. 1983, ch. 110½, par. 15—4).

It is well settled that the priority of Federal tax liens is determined by Federal rather than State law. (*Aquilino v. United States* (1960), 363 U.S. 509, 4 L. Ed. 2d 1365, 80 S. Ct. 1277; see *United States v. Rodgers* (1983), 461 U.S. 677, 76 L. Ed. 2d 236, 103 S. Ct. 2132.) Notwithstanding the exceptions set forth in section 6323 regarding the priority of certain interests vis-a-vis a Federal tax lien, where the statute does not specify otherwise, the priority of such a lien is governed by the Federal common law rule that "the first in time is the first in right." (*United States v. City of New Britain* (1954), 347 U.S. 81, 85, 98 L. Ed. 520, 525, 74 S. Ct. 367, 370.) (See Note, *Choateness & the 1966 Federal Tax Lien Act*, 52 Minn. L. Rev. 198, 220 (1967).) Under this rule, a claim competing against a Federal tax lien prevails only if it became choate against the taxpayer's property before the Federal tax lien attached. *United States v. City of New Britain* (1954), 347 U.S. 81, 98 L. Ed. 520, 74 S. Ct. 367.

As noted above, section 6323 contains no exception for State-created family awards such as those here involved, and the priority of these claims is thus governed by the Federal common law rule of priority in time. Since, as the trial court observed, the surviving spouse's and children's awards, as charges against the estate, arose only after the death of the decedent, they could not be said to be prior in time to the Federal tax liens that were assessed before the decedent's death. (*Cf.* Rev. Rul. 79—399, 1979—2 Cum. Bull. 398 (spouse's dower or curtesy interest existing under State law from date of marriage had priority over Federal tax lien that arose after marriage).) Under the controlling Federal rule, then, the previously existing Federal tax liens would be superior to the claims of the surviving spouse and children that arose under State law upon the decedent's death, and the classification scheme of section 18—10 cannot be applied to defeat this priority.

While the majority here concludes that the government, by filing its claim against the estate, elected to proceed as an estate claimant under section 18—10 and is precluded from asserting its priority as a lienholder, there is no basis for this position because the government's

rights as lienholder were not affected by its filing an estate claim. A secured creditor, under Illinois law, may file his claim against the estate of a decedent debtor or resort to his security, or he may pursue both remedies. (*Furness v. Union National Bank* (1893), 147 Ill. 570, 35 N.E. 624; *Baxter v. Continental Illinois National Bank & Trust Co.* (1940), 304 Ill. App. 117, 26 N.E.2d 179; see 4 W. James, Illinois Probate Law & Practice sec. 192.7 (1951); 19 Ill. L. & Prac. *Executors & Administrators* sec. 163, at 136 (1956).) This is so because the creditor's "double right" to sue on the debt itself or enforce his security "[remains] the same if 'the debtor dies and dies insolvent.'" (*Furness v. Union National Bank* (1893), 147 Ill. 570, 573, 35 N.E. 624, 625.) Since the secured creditor, then, could realize from his security without filing a claim in probate (*Waughop v. Bartlett* (1896), 165 Ill. 124, 46 N.E. 197), he does not forfeit his superior claim to the secured assets by filing a claim against the estate. See *Waughop v. Bartlett* (1896), 165 Ill. 124, 131, 46 N.E. 197 (where property has been mortgaged, pledged as security on a debt, or levied upon in execution of a judgment during lifetime of decedent, executor takes property "subject to all the liens existing and in the same situation [as] it was held by his testatrix. Her death could not in any way affect the lien ***, nor would the fact of the [creditor's] filing or neglecting to file a claim in the probate court in any manner affect it").

There is likewise no merit in the rationale of the majority that, while debts due the United States have priority over other debts of the decedent incurred during his lifetime, funeral and administration expenses and family awards are debts, not of the decedent, but of the estate and should be paid first as statutory charges against the estate. A lien against a debtor's property is not divested by his death but continues in the property to which it attached. (*People v. Hoper* (7th Cir. 1957), 242 F.2d 468.) It is the rule in Illinois, moreover, that property subject to a lien does not become a part of the assets of a decedent's estate until the creditor's lien upon it is discharged. (*Furness v. Union National Bank; In re Estate of Philp* (1983), 114 Ill. App. 3d 107, 448 N.E.2d 535; *In re Estate of Yealick* (1979), 69 Ill. App. 3d 353, 387 N.E.2d 399.) Thus, under this rule, the assets subject to the government's liens would not be available for payment of the surviving spouse's and children's awards until the government's liens had been satisfied.

The Illinois Supreme Court, in *King v. Goodwin*, applied this rule in the context of a claim for widow's award where the assets of the estate were encumbered by a lien existing at the decedent's death. The court stated:

" 'The widow's claim to her award is against the estate of her deceased husband. [Citation.] If there is no estate, she has nothing to rely on for the payment of the award. If the estate is encumbered by a valid lien, the award does not set aside the lien. She only has a claim on so much as may be left after satisfying the lien. In this case there is no estate to pay the widow's award until the lien acquired by the creditor's bill is discharged.' " (*King v. Goodwin* (1889), 130 Ill. 102, 109-10, 22 N.E. 533, 535.)

See also 4 W. James, Illinois Probate Law and Practice, sec. 178.7 at 302, sec. 178.12 at 305-06 (1951); 19 Ill. L. & Prac. *Executors & Administrators* sec. 134, at 111-12 (1956).

While no other Illinois case involving the priority of previously existing liens over a widow's claim for surviving spouse's award has been found, courts in other jurisdictions have similarly held that family awards cannot be made out of property that is subject to liens or other vested rights of creditors to the prejudice of those rights. See 31 Am. Jur. 2d *Executors & Administrators* sec. 324, at 163, sec. 328, at 165 (1967); Annot., 108 A.L.R. 773 (1937); *cf. Davis v. Birdsong* (5th Cir. 1960), 275 F.2d 113 (property awarded to widow for year's support under State statute not exempt from levy for payment of income taxes owed by decedent); *Hammett v. Citizens & Southern National Bank* (1973), 231 Ga. 400, 202 S.E.2d 66 (award of real estate to debtor's widow for year's support not superior to bank's claim to such property as secured creditor).

The instant case is distinguishable from *Smith v. Commissioner of Internal Revenue*, relied upon by the majority, because that case did not involve tax liens that arose before the decedent's death but was concerned solely with the priority of claims of the government for which it did not have liens. The court in that case did not discuss the Federal tax lien statute at issue here but based its decision upon a Federal statute governing payment of debts due the United States in the administration of insolvent estates (see 31 U.S.C. sec. 3713 (1982)). Thus, in *Smith*, family awards were afforded priority of payment over debts due the United States, but no question of a prior tax lien was involved, and the court's holding was premised solely upon the government's status as a creditor of the decedent. See also Rev. Rul. 80—112, 1980—1 Cum. Bull. 306, 307: "[C]laims against the decedent's estate for funeral and administrative expenses and the family allowance have priority over federal tax claims of the government *for which it has no lien.*" (Emphasis added.)

In a similar case, *Postmaster General v. Robbins* (D. Me. 1829), 19

F. Cas. 1126, the court held that the priority afforded debts due the United States over other debts of the decedent did not extend to payment of the widow's award, as family allowances were debts, not of the decedent, but of the estate and would be paid out of the estate before estate assets were applied toward payment of the decedent's debts. As in *Smith*, however, the government's claim in *Robbins* was not premised on a previously existing tax lien, and, indeed, the court recognized that a different result might obtain where estate assets were subject to such a lien. "The [widow's] right in the personal estate attaches itself only to that of which [the decedent] was possessed at the time of his death, and perhaps, \*\*\* [is] subject to all liens subsisting at that time." 19 F. Cas. 1126, 1127.

Since, in the instant case, the government made no claim of priority over the family awards as to tax debts assessed after the decedent's death, the instant case is distinguishable from the *Smith* and *Robbins* cases (see also *In re Carl's Estate* (1950), 43 Ohio Op. 52, 94 N.E.2d 239), and the majority's reliance upon *Smith* is misplaced. The majority has chosen to ignore the presence of the government's liens, making no distinction between these liens and claims for which the government had no liens. For the reasons stated, I would hold that the government is entitled to priority for the payment of tax liens arising before the decedent's death, and I accordingly dissent from the opinion of the majority.