In the Matter of the Estate of ARNOLD ROTHSTEIN, Deceased.

Surrogate's Court, New York County, November 20, 1933.

*McManus, Ernst & Ernst*, for the petitioner Henry Lustig.

*Nathan Burkan*, for the temporary administrators, and in person.

*I. Gainsburg*, for the administrators c. t. a. of Arnold Rothstein, deceased, and others.

*Abraham H. Brown*, for Samuel Brown.

*Maurice F. Cantor*, in person, legatee.

*John J. Glynn*, administrator c. t. a. of Arnold Rothstein, deceased.

*Alexander A. Mayper*, for Carolyn Rothstein Behar, widow of deceased.

*Hartman, Sheridan & Tekulsky*, for William Wellman.

DELEHANTY, S. Deceased was survived by a sister whose husband is petitioner in this proceeding. In the course of the administration of the estate it became necessary to appoint temporary

administrators who applied to this court for instructions respecting a crisis in the affairs of one of the real estate corporations whose shares were owned by deceased.

The records in this court show that while such application for instructions was pending arrangements were concluded between petitioner and the temporary administrators which resulted in the payment by petitioner of substantial sums which were used to pay the then holders of the mortgages on properties of the corporation in question who were threatening foreclosure thereon. Upon the payment of the funds thus advanced by petitioner assignments of such mortgages to him were procured and he now holds such assignments.

After the completion of this transaction and on the application for instructions which was pending until then undisposed of an order was presented to this court which had the effect of giving to petitioner the right to require the estate to repay the advances to him with interest from the date of the advances. Such order as originally presented contained the following clause:

" Ordered, that any and all such persons making such advances and loans shall have the right to take and hold as security for the repayment thereof, together with the interest thereon, assignments of any and all such mortgages on account of the payment of which such respective loans and advances have been made, and shall succeed to all of the rights of the respective mortgagees under any and all such respective mortgages, and that such persons have a first lien upon and against the net assets of the estate for such loans and be deemed as and paid as part of the expenses of administration."

The surrogate who signed the order struck out the last clause in the order so submitted beginning with the words " and that such persons."

This order was thereafter resettled in the same text with the addition of a phrase evidently designed to substitute in some measure the phrase so stricken out. The added clause follows: " and that such persons have, and that such payment is to be a preferred claim against the net assets of the estate."

It is to be noted that the tenor of the order so made contemplated past advances and future advances and was intended by its terms to apply to both classes of loans. After the date of the resettled order petitioner advanced additional sums and there now is due him a sum in excess of $53,000 with interest thereon.

Petitioner seeks to require the administrators c. t. a. to turn over to him certain valuable shares of stock now held by the estate or to require the sale thereof and the payment to him of the net amount

so advanced by him, or in the alternative that the shares in question be delivered to him as security with leave to sell such security if payment be not made on or before a future date to be fixed by the court.

Objection is made by various parties in interest, to some of whom allowances have been made for commissions and other administration expenses, none of which have been yet paid.

Administration expenses are necessarily a first charge upon assets of a deceased. Unless these expenses are provided for there can be no assurance that estates will be administered at all. Even funeral expenses are subordinate thereto. (Surr. Ct. Act, § 216; *Matter of Tangerman*, 226 App. Div. 162.)

It is to be doubted whether an administrator could make lawfully a contract which would prefer any claimant over administration expenses even if thereby the estate were benefited. (*Matter of Gilman*, 251 N. Y. 265, 274; *O'Brien* v. *Jackson*, 167 id. 31.)

The record of the proceeding for instructions upon which petitioner predicates his position makes it perfectly plain that he is deferred to the net estate for reimbursement. It may be that the effect of the order under which he purports to have acted is to give him a status of preferred creditor but he still remains only a creditor and is in all aspects of that position deferred to administration expenses. Nothing in the order as originally submitted and corrected by the surrogate, and nothing in the order as eventually resettled furnishes the slightest basis to petitioner's present claim of priority because of the order.

Petitioner attempts to work out also some basis of equitable estoppel but the facts here disclosed do not support any such contention. When the advances were made they were made on the security (in part at least) of the bonds and mortgages contemporaneously assigned to him. Petitioner may very well have acted by reason of his relationship to persons beneficially interested in the estate. The fact that the general depression has possibly rendered insufficient the security of the bonds and mortgages assigned to him furnishes no basis whatever for now giving him a preferential position which finds no support either in the orders of this court or in the general practice in the administration of estates.

Petitioner's application is in all respects denied.