In the Matter of the Estate of CHARLES H. TURNER, Deceased.

Surrogate's Court, Westchester County, May 19, 1942.

*Jerome Beaudrias*, for the petitioners.

MILLARD, S. This decedent died intestate on May 4, 1934, survived by his widow, a second wife, two married daughters and two sons, all of whom were of full age and sound mind. The property of the decedent consisted of the right to receive a legacy

in the sum of $1,500 under the will of an aunt, an interest in some household furniture in storage and an interest in some unimproved real property in the State of North Carolina, the equity of which was apparently valueless. Letters of administration were issued to a daughter, Eleanor Turner Lawrence, on June 27, 1934, who acted thereunder until her death on or about October 1, 1941. The instant accounting was made and filed by her, but upon her death the executors under her will were substituted.

There being no available assets in the estate at the time of death, it is undisputed that the decedent's two daughters advanced the sum of $739.71 in payment of expenses incurred in shipping the body from Florida, where decedent died, to New York and for interment and other funeral expenses. This amount with interest thereon in the sum of $35.40 has been repaid to the daughters. After deducting such expenses and certain disbursements incurred in the administration proceedings, there remains a net fund of $412.37 subject to the widow's right of exemption, commissions, legal fees and disbursements. Subsequent to the institution of the instant proceeding the widow made formal application that her statutory exemption in the sum of $300 (Surr. Ct. Act, § 200) be set off to her. Counsel for the estate opposes the application, asserting that the granting of such relief to the widow will leave a balance of only $112.37 for the payment of commissions and his legal fees and disbursements, the effect of which would deny him compensation for extensive legal services necessarily rendered and disbursements incurred in the administration of the estate. Application is presently made by counsel to fix the fair and reasonable value of such services. Neither the widow nor attorney disputes the amount expended for funeral expenses.

These circumstances squarely present for determination the question of whether or not the rights of an attorney for an estate to be fairly compensated must be subordinated to the statutory right of exemption of a surviving spouse. I have been unable to find any controlling authority in this State. Judicial pronouncements interpreting the provisions of section 200 of the Surrogate's Court Act indicate a uniform desire to favor the surviving spouse and children. Prior to the 1932 amendment (Laws of 1932, chap. 486) even funeral expenses or a deficiency in the amount thereof could not be paid from the exempt property. The discretionary authority conferred upon fiduciaries to invade the exempt property for payment of " reasonable funeral expenses," as provided in the 1932 amendment, was changed to a mandatory one by a further amendment in 1940. (Laws of 1940, chap. 829, § 10.) As the statute now reads, the exempt articles of personal property and the

moneys set aside for the surviving spouse or minor children vest in the recipient immediately at death (*Matter of Macneal*, 174 Misc. 947), and may not be taken away except for the one purpose prescribed by statute, namely, payment of reasonable funeral. expenses. (*Matter of Schoenfelder*, 161 Misc. 654.)

It is urged, however, that since administration expenses are preferred to funeral expenses (Surr. Ct. Act, § 216; *Matter of Rothstein*, 151 Misc. 466), and reasonable funeral expenses are now preferred to the statutory allowance (Surr. Ct. Act, § 200), it follows that any deficiency in the administration expenses is preferred to such allowance. This same argument was advanced in *Matter of Schoenfelder* (*supra*). In rejecting such contention, Surrogate WINGATE said (p. 655): " This position, while possessing certain logical merit, is legally unsound. The surviving spouse receives an express grant pursuant to statutory fiat which is made subject only to a single condition, namely, that the assets in the estate shall be insufficient to pay the reasonable funeral expenses. So long as this conditional limitation is absent, the right of the widow may not be defeated and it is wholly immaterial, if there are sufficient assets in the estate for this purpose that the subsequent exigencies of the case necessitate their diversion to other uses." To hold otherwise would necessarily result in postponing the exercise of the clear statutory duty imposed upon a fiduciary to set apart the exempt property for the benefit of the surviving spouse or child (Surr. Ct. Act, § 201), until such time as the administration of the estate had been completed and the expenses thereof ascertained. Such result would not only be contrary to the express statutory directions (Surr. Ct. Act, § 201), but would defeat the primary object of the legislation, namely, " to provide for the comfort and support of the family when the owner of the property, which has been used for family support and comfort, dies." (*Matter of Burridge*, 261 N. Y. 225, 226.)

It appearing that the assets of the decedent were ample to pay both the statutory allowance and " reasonable funeral expenses," it follows that the request of the surviving spouse to set apart and pay over to her the sum of $300 must be granted. (Surr. Ct. Act, § 201.)

In view of the law of this State that administration expenses are preferred to funeral expenses (*Matter of Rothstein, supra;* Surr. Ct. Act, § 216), the payment of funeral expenses without reserving sufficient assets to defray anticipated administration expenses was an unauthorized act. It follows, therefore, that the estate of the deceased administratrix is liable to her attorney for the payment of any deficiency in legal fees and disbursements as herein deter-

mined. Due consideration having been given to the usual factors, the fee of the attorney for the estate for all services rendered herein to and including the making and entry of the accounting decree, is fixed and allowed in the sum of $300, together with the balance of disbursements in the sum of $79.50, or a total of $379.50. After crediting thereon the sum of $112.37, the net estate herein, the estate of the deceased administratrix is directed to pay to said attorney and is surcharged in the amount of $267.13.

Submit decree accordingly.