In the Matter of the Accounting of CLARK H. HAMMOND et al., as Executors of MARGARET (or MAGDALENA) LEWANDOWSKI, Deceased.

Surrogate's Court, Erie County, September 18, 1944.

*Clark H. Hammond* and *Hull, Hammond & Goldstein,* for Clark H. Hammond, executor.

*Samuel Sapowitch,* in person, and *Frank Di Figlia* for Samuel Sapowitch as Public Administrator of Erie County.

*David F. Harris* for objectant.

*Edward Schwartz,* special guardian.

VANDERMEULEN, S. At the hearing on February 2, 1943, this court, on motion, struck out objection number two. That part of objection number three, reading as follows, " and should not have been paid until the claims of the creditors of the estate were paid and then an allowance made in open court by the Surrogate after hearing the interested parties " was stricken out. Objections number five, six and seven were stricken out, with the understanding that any question arising may still be brought up under the claim for widow's exemption. Objection number one is dismissed. Objection number four is sustained.

Before deciding the main question, the amount of the funeral bill and the administration expenses, particularly attorneys' fees, must be considered. It has long been held that the expense of the burial of a deceased person must be gauged by the station in life of the deceased and the size of the estate he left. It is incumbent upon the undertaker to make a thorough inquiry concerning both these factors. If he gives a person a burial far beyond the amount that the circumstances warrant, and he does not protect himself by some independent agreement with some member of the family or some interested person, any loss he sustains is his own fault. In this case, I must reduce the liability of the estate for the undertaker's bill to $330.

No doubt the attorneys have earned the moneys they claim,

but here again the size of the estate must be taken into consideration. I am fixing the fees of the attorneys at $225, including disbursements.

Subdivision 4 of section 200 of the Surrogate's Court Act provides, in setting forth the exemptions allowed to a widow or husband or minor children, among other things: " Money or other personal property not exceeding in value three hundred dollars except, however, that the administrator or other representative of the estate may, where there are insufficient assets in the estate to pay the reasonable funeral expenses of the decedent, apply any such money or other personal property in the estate to pay any deficiency in the payment thereof."

In inserting the mandatory provision for the payment of funeral expenses, the Legislature must have had in mind the protection of the undertaker in small estates. The decent interment of the dead has long been recognized by the courts as the duty of the surviving spouse and the immediate family. Prior to the adoption of the mandatory amendment there were many cases in which the deceased left only sufficient to cover the surviving spouse's exemption and the undertaker was not paid for his services.

The main question here is the order of preference of the spouse's exemption, the administration expenses and the funeral bill. The estate of the deceased consists of $748.19. The preamble of section 200 of the Surrogate's Court Act reads: " If a person having a family die, leaving a widow or husband, or minor child or children the following articles *shall not be deemed assets* but must be included and stated in the inventory of the estate as property set off to such widow, husband or minor child or children ". (Underscoring mine.)

Deducting the statutory allowance of $300 from $748.19 leaves $448.19, which are the assets of the estate. This sum is subject to the payment of the administration expenses first and then to the payment of the funeral bill. (*Matter of Turner,* 178 Misc. 699; *Matter of Rothstein,* 151 Misc. 466.)

Deducting the administrator's fees of $37.40 as allowed by statute and the attorneys' fees and disbursements of $225 leaves the sum of $185.79, an amount insufficient to pay the funeral bill of $330. The amount of the deficiency is $144.21. Here the mandatory direction of subdivision 4 of section 200 enters in and the administrator must pay from the sum set aside for the widower's exemption $144.21, leaving the remaining sum of $155.79 payable to the widower's estate as part of the statutory exemption, he having died subsequent to his wife.

Let the decree of judicial settlement provide accordingly.