In the Matter of the Accounting of HOWARD S. HOWELL, as Administrator De Bonis Non of the Estate of ANGELO GRECO, Deceased.

Surrogate's Court, Schenectady County, December 4, 1947.

*Alexander Grasso* for John Mancini, as executor of Pasquale J. Mancini, claimant.

*Harry G. Coplon* for Liberta Messerola and another, respondents.

*Francis T. Golden* for administrator.

CAMPBELL, S.  Decedent died in the city of Schenectady on or about November 21, 1945, leaving a widow and no children. His gross estate amounted to $9,348.62. Debts, including a funeral bill of $1,319, total $2,762.57. Objection has been interposed to the payment of the funeral bill on the ground it is excessive.

Decedent resided at a hotel for many years, having been separated from his wife. When death occurred, the proprietor of the hotel, John Califano, summoned the funeral director to take charge of decedent's remains. Mr. Califano testified that decedent told him, prior to death, that he wanted a good funeral.

Mr. Pasqualle Jerry Mancini, the funeral director, now deceased, interviewed Mr. Califano, and on page 38 of the stenographer's minutes, Califano testified this conversation took place: " Q. Now when you saw Mancini about burying him (Mr. Greco), didn't Mancini ask you who was going to pay for

it? A. Yes. Q. What did you tell him? A. I told him he had money in the bank because I know he gave the book to my wife, some $9,000. Told Mancini I will pay him myself. Q. And did you show Mancini the bank book? A. Yes, he took the bank book. Q. Have you seen the bank book since? A. No, I asked for him to bring back. Q. Why did you give him the bank book? A. He take it, say he got to have it, bring some lawyer. He say he had to take it. Q. Did he promise to bring it back? A. Yes. Q. Did he ever bring it back? A. Asked him once and he said the lawyer got it."

The court is of the opinion that the amount on deposit as shown by the bank book influenced the cost of decedent's funeral as reflected in the total bill. This has been rejected by the administrator and properly so.

No testimony was adduced to the effect that the surviving spouse was ever consulted regarding the funeral or what it would cost. Two nieces also survive decedent.

Section 216 of the Surrogate's Court Act provides in part: " *Proceeding to Compel Payment of Funeral Expenses.* Every executor or administrator shall pay, out of the first moneys received, the *reasonable* funeral expenses of decedent, and the same shall be preferred to all debts and claims against the deceased. * * * " (Italics supplied.)

In *Matter of Lewandowski* (183 Misc. 668, 669) Surrogate VANDERMEULEN, now a Justice of the Supreme Court, said: " It has long been held that the expense of the burial of a deceased person *must be gauged by the station in life* of the deceased and the *size of the estate he left*. It is *incumbent* upon the undertaker to make a *thorough inquiry* concerning both these factors. If he gives a person a burial far beyond the amount that the circumstances warrant, and he does not protect himself by some independent agreement with some member of the family or some interested person, any loss he sustains is his own fault." (Italics supplied.)

In this case the amount of the funeral bill as presented to the administrator and rejected by him, is slightly more than 14% of the gross estate left by decedent. This cannot be justified on the basis of *reasonableness* as stated in the statute and under the decision in *Matter of Lewandowski* (*supra*).

This court cannot in good conscience approve an undertaker's bill in the amount filed. To do so would be to establish a precedent highly prejudicial to future estates and entail an unwarranted reduction in legacies and of the shares of distributees, including widows and infant children.

Under all the facts and circumstances surrounding the life of the decedent, his station in life and the amount of his estate, the court is of the opinion that an allowance of $950 for decedent's funeral is liberal. A funeral bill in a greater amount is not justified in view of the fact that the widow was not consulted by the undertaker regarding the funeral.

Attached hereto and forming a part of this opinion is a table taken from the official records in this court showing the cost of funerals in larger and in comparable estates to that left by this decedent.

Objection also has been made to the proposed allowances of $100 to each of two expert witnesses who testified before the referee on behalf of the funeral director.

Witnesses' fees in Surrogate's Court are the same in amount as those in Supreme Court and are governed by section 1539 of the Civil Practice Act. Any fees for expert witnesses in excess of the amount fixed by statute must be borne by the party calling such expert witnesses. Therefore, the court cannot allow the sums stated in the bill of costs.

The report of learned referee must be modified in accordance with this opinion.

Enter order accordingly.

*Funeral Bills Allowed by this Court.*

| Decedent | Date of death | Gross estate | Net estate | Amount allowed for funeral |
|---|---|---|---|---|
| 1. Henry W. Darling | Sept. 4, 1933 | $1,016,459.71 | $911,731.97 | $574.51 |
| 2. Everett Smith | Feb. 25, 1945 | 264,377.19 | 251,499.60 | 596.05 |
| 3. Rt. Rev Msgr. John L. Reilly | April 26, 1945 | 160,430.76 | 127,646.73 | 845.00 |
| 4. James A. Goodrich | May 27, 1944 | 366,559.85 | 309,688.12 | 663.90 |
| 5. Antonio Izzo | Nov. 20, 1943 | 28,721.48 | 24,537.13 | 525.00 |
| 6. May L. Whitmyer | June 21, 1946 | 79,190.79 | 73,864.79 | 800.00 |
| 7. Marion A. Savage | April 9, 1947 | 160,596.07 | 154,322.22 | 700.00 |
| 8. Herman F. T. Erben | April 8, 1943 | 143,886.25 | 138,729.70 | 271.50 |
| 9. Frank D'Amelio | Dec. 24, 1945 | 9,055.85 | 8,255.85 | 800.00 |
| 10. Margaret W. Donlan | Dec. 2, 1946 | 29,242.00 | 26,115.07 | 783.00 |
| 11. August Weber, Jr. | July 27, 1946 | 479,867.09 | 424,265.56 | 763.72 |
| 12. Guiseppe D'Ambrosio | Jan. 15, 1946 | 10,750.14 | 9,430.00 | 700.00 |
| 13. William A. Dodge | Dec. 29, 1945 | 37,572.22 | 35,377.43 | 759.65 |
| 14. Margaret B. Sanders | Jan. 18, 1947 | 21,356.61 | 19,678.84 | 626.00 |
| 15. Gladys E. Petersen | Oct. 20, 1945 | 110,451.48 | 107,206.63 | 528.00 |
| 16. Teresa Di Lallo | Nov. 25, 1946 | 7,225.54 | 6,250.54 | 655.00 |
| 17. John Di Credico | April 15, 1946 | 18,148.59 | 15,722.14 | 731.50 |
| 18. Allen H. Jackson | Dec. 7, 1941 | 522,539.10 | 483,520.67 | 500.87 |
| 19. Angelina Mastrianni | May 31, 1947 | 8,455.00 | 7,166.00 | 989.00 |
| 20. *ANGELO GRECO* | Nov. 21, 1945 | 9,348.62 | 6,955.54 | 950.00 |