**CARL, Estate of, In re.** ·

Probate Court, Franklin County.

No. 131667.  Decided June 13, 1950.

James H Larva, Columbus, for administrator.
Loren G. Windon, Columbus, Asst. U. S. Atty. for United States Government.

**OPINION**

By McCLELLAND, J.

This matter comes before the Court upon the application filed on October 24, 1949, for an order of this Court determining the right to priority of a claim by The United States of America against the estate of the decedent.  The matter was submitted to this Court upon an Agreed Statement of Facts, the essential facts of which are that certain monies in the hands of the fiduciary are claimed by The United States of America growing out of the fact that certain por-

tions of wages of the employees of the decedent were withheld in order to pay the income taxes of the decedent and also the Social Security taxes of the employees. In addition thereto, the Government claims interest which, together with their claim, amounts to the sum of $194.79.

On February 12, 1949, the administrator filed a Federal income tax return for the year 1948 for the decedent to the date of the decedent's death, indicating in that return that the tax liability for that period was in the amount of $275.00, and that the amount that was withheld by the decedent's employer was $426.50, which has resulted in an over-payment of $151.50. This amount was requested to be refunded to the administrator.

On May 21, 1949, the administrator received a check for said refund of the 1948 Federal income tax in the amount of $151.50, which amount was deposited in the administrator's account and included in the first account filed September 19, 1949.

When the accounts were finally audited by the Internal Revenue Bureau, it was found that there was still the sum of $51.83 due to the Government, which sum was paid by the administrator.

The claim of The United States Government as filed with the administrator is as follows:

| | |
|---|---:|
| Income Tax of Employees withheld by decedent | $ 24.47 |
| Social Security Tax of Employees withheld by decedent | 12.28 |
| Social Security Tax of decedent | 8.46 |
| Deficiency and interest on 1947 income tax of decedent | 112.58 |
| Deficiency on 1948 income tax of decedent (return filed by administrator) | 37.00 |
| Total | $194.97 |

Section 191, Title No. 31, United States Code is as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Section 192 of the same Title is also as follows:

"Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

The Social Security law provides that when a portion of the employees wages are withheld by the employer, that fund constitutes a trust fund. An examination of the bank account of the decedent disclosed that after the employees of the decedent respectively were paid and a certain portion of their wages withheld, that withheld portion still remained in the general bank accounts of the decedent. The bank accounts disclose that at various times the account was so low in amount that it is apparent that the decedent commingled the trust funds with his own funds.

The author of the article in 26 Ruling Case Law, page 1358, Section 221, uses the following language:

"In following trust funds which were mingled by the trustee with his own and money from other sources, and then indiscriminately used in his current transactions, the whole fund being augmented and depleted by further deposits and drafts, some of the additions being trust money, and where the amount of the general balance has fluctuated and often fallen below the total deposits of trust funds, only so much of the balance in hand at the end can be deemed identified and impressed with the trust as shall equal the lowest cash balance in hand with the trustee while the transactions were current "* * *

The administrator, after analyzing the bank account of the decedent and applying the principle hereinbefore set forth, determined that the $51.83 constituted a special fund withheld for the United States and therefore paid the amount to the Collector of Internal Revenue.

We have hereinbefore stated that upon an examination of the return made by the fiduciary it was found by the Federal office that there was an over-payment of $151.50, which amount, as hereinbefore stated, was paid to the administrator. Facts developed subsequently disclosed that the estate was in fact indebted to the Federal Government at that time in an amount in excess of the amount of the refund, and, had the

facts been known when the refund was paid, such a refund would not have been made.

As we have hereinbefore stated, when the employer withheld certain funds from his employees in order to pay the income taxes and the Social Security tax, the amount withheld immediately became a trust fund in the hands of the decedent, and, being a trust fund, the decedent could not change the character of same because its character was specified by the statute. When the $151.50 was returned it did not lose its character as being impressed with a trust, as it was paid under a mistake of fact.

It is therefore the holding of the Court that the administrator has in his hands the sum of $151.50 which is impressed with a trust for the benefit of the United States of America.

The decedent died intestate, leaving as his only heir a minor child. The minor child under §10509-54 GC, is entitled to an exemption of twenty percent of the gross estate, but in no event more than $1000.00. Inasmuch as the inventory of the estate was more than $5000.00 his exemption is fixed in the amount of $1000.00. The appraisers also set off to this minor child for a year's support the sum of $1000.00. The question then is presented as to whether or not the claims of the United States Government are prior to the claims of the minor child for the exemption and for his year's support.

This Court has made a searching investigation in order to find some case which decides this question. The only one which this Court has been able to find is Postmaster v. Robbins, reported in 19 Federal Case No. 11314. This decision was by the Circuit Court of Maine in its December term 1829, the syllabus of which is as follows:

"The act of congress of March 3, 1797 (1 Stat. 512) giving to debts due to the United States a priority over all other debts due from a deceased debtor, does not entitle them to receive their debt from the administrator prior to his payment of the allowance to the widow, made by the judge of probate under the state law regulating the descent and distribution of intestate estates."

In our opinion the above mentioned decision was the construction of a statute which is in words almost identical with the statute now in existence, being Section 191 of Title 31 of The United States Code hereinbefore quoted. Certain language therein is significant as follows:

"to pay all the debts due from the deceased."

This Court is impelled to quote as follows from the foregoing decision. The Court uses the following language:

"The paramount authority of the laws of the United States will give to their debts a precedence before any debts privileged by the laws of the state. But the payments shown in the plea, with the exception of that for the expenses of the last sickness, can in no proper sense be called debts due from the deceased. The expenses of last sickness are named in the account in a general charge with the funeral expenses, so that it is impossible to separate them, and say what proportion of the whole was for one, and what for the other. So far as this item includes the expenses of the last sickness, it is clearly a debt due from the deceased, and must stand, in point of privilege, after that due to the United States. So far as it is composed of funeral charges, it is not a debt due from the deceased, but more properly a charge on the administrator. The statute of Maine does indeed seem to contemplate funeral expenses as a debt due from the deceased, and assigns it a privilege in the same grade with taxes and debts due to the state. I do not mean to question the competency of the legislature to assign to this claim against the estate of a deceased person any rank or privilege which may seem just; but it appears too clear to admit of controversy, that a man cannot contract a debt after he is dead. In the nature of things, funeral expenses are a charge on the estate in the hands of the administrator, and stand in the same privilege with other charges of administration. But this point does not necessarily arise in the present case, as it appears from the plea that the whole estate which has come into the hands of the administrator has been exhausted by the payment of the allowance decreed to the widow, and the ordinary charges of administration."

"The important point in the case is, whether the priority established by the laws of the United States attaches to the estate in the hands of the administrator, so that their debt must be paid before the allowance, decreed by the judge of probate, to the widow, the administrator having notice of their demand before the payment is made. This is maintained for the plaintiff, and denied for the defendant. The suit is in the name of the postmaster-general, but he sues merely as trustee for the United States. The debt is properly their debt, and the recovery would be exclusively for their benefit, and it was not disputed at the argument that this debt has all the privileges that it would have if the suit were in the name of the United States. In support of this claim,

it is contended that the word "estate," in the statute, is inended to comprehend the whole property of which the deceased debtor is possessed at the time of his death, and that the priority attaches to the whole. Several decisions have been made on the construction of the priority acts, but no one of them has presented these statutes in the precise aspect that is exhibited by this case. In every instance it has been a contest between the United States and another creditor. In these cases it has been decided that the priority given by the law does not create a lien on the debtor's estate, but merely makes the debt of the United States a privileged debt against the general assets of the debtor in the hands of his assignees or administrator, and rendering them personally liable, provided any other debt is paid before that due to the United States. * * * If the statute does not create a lien, it would seem it will not remove or supersede an existing lien, and this opinion is strongly intimated in the last case (Conrad v. Atlantic Ins. Co., 1 Pet [26 U. S.] 386) in which these acts have been brought to the notice of the supreme court."

After discussing that phase of the matter a little further, the Court then uses the following language:

"But however this may be, the case may well be decided on narrower grounds. The language of the act of the United States is, 'when the estate of the deceased is insufficient to pay all the debts due from the deceased, the debt due to the United States shall be first paid,' giving a priority to the debt due to the United States over all other debts. It is clear, from this language, that the statute looks at no other charge on the estate of a deceased debtor than debts properly so called. The United States are satisfied in giving a priority to their claim on the estate over all other debts. The allowance to the widow is no more a debt of the husband than her right of dower. They are both of them charges on the estate, created by the law. They are not created, nor can they be defeated, by any act of his. The law of the United States does not, in its terms, give to debts due to them a priority over charges of this nature. Its words are satisfied by a narrower construction, and to give to it this enlarged operation would be giving it an effect, by interpretation, beyond the strict and proper meaning of its terms. It would also be trenching on the settled and deliberate policy of the state legislation, which has ordained that a part of the property of a deceased insolvent debtor shall be subducted from his estate for the benefit of his wife and minor children, before any part can

be reached by creditors. On this construction of the statute, it becomes unnecessary to give an opinion on another point which was raised and discussed at the argument; that is, whether, as the state legislature, under our constitution, has the exclusive power to regulate the descent and distribution of estates, they have not also the paramount authority to determine what part of the estate of a deceased debtor shall be assets in the hands of his personal representative, for the payment of debts."

We have quoted at length from the foregoing decision for the reason we believe it contains not only a proper construction, but the philosophy underlying the enactment of same.

" 'Widow's allowance' provided for under the laws of the State of Missouri (revised statute of Missouri, 1919,-105-109) is not a debt due from a decedent within the meaning of No. 3466 of the Revised Statute of the United States, but is a charge against decedent's estate created by the law of the state, and takes priority in payment over Federal Taxes." IT 2430, CB 1928, page 72.

"The widow's allowance provided for under the laws of Colorado and funeral expenses are not debts due from a decedent but are charges against the estate created by the law of the state and have priority in payment over Federal taxes. Expenses incurred by reason of the last illness are debts from a decedent and are junior in order of payment to Federal taxes." GCM 4217, CB 1928, page 162.

Sec. 10509-54 GC was enacted in 1931, and became effective on January 1, 1932. That same law abolished the vested of cohat right of dower, and the exemption provided for by §10509-54 GC was provided to compensate, at least to a certain extent, for the loss of the vested right of dower.

It is our opinion that the property exempt from administration is not a right of inheritance, but it is a right growing out of the marriage relation, and, as we have heretofore stated, takes the place of the vested dower right. That right was a right of the wife and came into being immediately upon marriage. It was an interest which she had in the real estate of her husband, and without any doubt any claims against her husband would not supersede or take priority to her right of dower if that question were ever presented. It follows therefore, that the exemption, property exempt from administration, belongs to the surviving spouse immediately upon the death of his or her spouse, and takes precedence

over any claims of the United States by virtue of Section 191 hereinbefore set forth.

We are also of the opinion that the allowance to the widow or to the minor children for a year's support under the decision in the Robbins case is also prior to any claims of the United States Government.

We now revert to the claim of the United States Government in the light of the foregoing authorities. As we have heretofore stated, the money which was withheld from the employees of the decedent was impressed with a trust for the benefit of the United States Government. When the refund of $151.50 was made to the administrator, it was made under a mistake of fact as to the exact amount which was owed to the United States Government. In our opinion, when this refund was made, it did not lose its character as a trust fund. Being a trust fund it was not a part of the estate of the decedent, as the decedent was only a trustee for same. The rights of the administrator in that case can rise no higher than the rights of his decedent.

It is therefore the finding of the Court that the United States is entitled to the sum of $151.50 from the assets now in the hands of the administrator, and the balance in his hands after deducting such proper charges as may be made against same, shall be paid to the guardian of the minor child and applied upon its allowance for its exemption. An order may be drawn accordingly.