George Frankenthaler, S.
Morris Garrett’s application to compel payment of funeral expenses was consolidated with this final accounting. Decedent’s widow and Morris Garrett object to the account which reflects the receipt and retention of assets valued at $293.75. In objections numbered 1 and 8 both object-ants complain of the failure of the executrix to account for certain items of personalty. These objections are disposed of as follows: The court holds that the Gilhead stock was given by the decedent to Minnie L. Lynch and is not an asset of the estate. The executrix testified that testator had a Leica camera and some fishing rods when he died and she has improperly failed to charge herself therewith. None of the other property mentioned in the objections was shown to have been decedent’s property or in his possession when he died. It is conceded, however, that $66.97, the balance of decedent’s account in the Chemical Corn Exchange Bank, which was omitted from the account, must be charged against petitioner. The ruling on the issue óf ownership of the Gilhead stock disposes of the objections numbered 2 to the failure to account for income therefrom.
Objections numbered Ninth were withdrawn. Mrs. Garrett’s right to the widow’s exemption under section 200 of the Surrogate’s Court Act is conceded and her objections numbered 6 and 7 are sustained to that extent. The other issues raised concern the reasonableness of the funeral bill of $1,269.95 paid by Morris Garrett who seeks reimbursement, claims for attorneys’ fees and for commissions. Setting off the widow’s exemption would consume all of the assets for which executrix is accountable, even after these are augmented by the camera, fishing rods and cash in accordance with this decision. In such a case the widow’s portion must, under subdivision 4 of section 200 of the Surrogate’s Court Act, first be applied to the payment of reasonable funeral expenses, which are held to be $500. Administration expenses are not so preferred and there is no need to fix attorneys’ fees or to allow commissions because there will be no assets available for their payment. These rulings dispose of objections numbered 3, 4, 5 and 10 of both objectants and of objections numbered 6 and 7 of Morris Garrett.
The executrix is directed to apply the assets required to be *210 set apart for the widow, under subdivision 4 of section 200 of the Surrogate’s Court Act, toward reimbursement of the estate of Morris Garrett up to the sum of $500 (Matter of Lewandowslci, 183 Misc. 668).
Submit decree on notice.