Arnold Becker, Police Justice.
The plaintiff, an undertaker, seeks to recover against the defendant, Agnes Lewis Caine, for the charges connected with the funeral of one Dorothy Lewis, the defendant’s niece.
*943 It was conceded between the attorneys that there was a burial, that Wallace L. Jones, the undertaker, performed it properly, and that the sum of $694 was a reasonable amount to charge for the funeral. The instant claim is for a balance of $494.
The defendant aunt resided in Bockland County at the time her niece died in New York City.
There is no dispute that the defendant telephoned the plaintiff personally, and asked him to come to the house when Dorothy Lewis had died.
The plaintiff testified that all arrangements made at the deceased’s home were made with the defendant, relative to the type of funeral and type of casket.
Defendant admits some conversation with the plaintiff, but says that she is not liable on the ground that the deceased’s daughter, Lenore Lewis, is fully responsible for the bill, and not her, and the undertaker fully understood that.
Lenore Lewis, the deceased’s daughter, not a party to the suit, testified on behalf of the defendant that she Lenore Lewis is responsible for the bill, knows she is responsible for the bill, and will pay it when she is able to. She stated on cross-examination that she was so upset at her mother’s death, that she does not remember talking to anyone at the house before the funeral, nor does she remember having any discussion with the undertaker.
She further stated that the undertaker had contacted her many times, and advised her to go to a loan company to raise the money, and this she had tried to do, but .she could not borrow the money. Mr. Jones admitted that he had spoken to Lenore Lewis on the telephone several times after the funeral regarding the bill.
It was further conceded that no bill had ever been sent to Agnes Lewis Caine, and in addition, that the $200 paid on the account had been paid by a Mrs. Collins at the funeral.
It is true that the obligation to pay the reasonable and proper expense for the funeral rested in the first instance on the estate, if sufficient assets existed, and upon the representative if there be one. (Surrogate’s Ct. Act, § 216.)
In Hatton v. Cunningham (162 N. Y. S. 1008 [1917]) an undertaker successfully recovered against a second cousin because the evidence showed that the defendant promised the undertaker that he would take care of the expenses, that he knew the undertaker was extending credit to him, and the second cousin even paid part of the bill.
In the case before this court, the defendant’s obligation to pay might be implied from the fact that she telephoned and *944 arranged for the funeral, however, there are certain aspects different from the Hatton case, and in addition, other factors to be considered.
First, at the time of a death in a family, the immediate circle of relatives are usually so emotionally upset that they are practically useless when it comes to making the funeral arrangements. About the only one who has his complete wits about him is the undertaker.
However, there is usually one person, an uncle, or an aunt, or a friend, who steps forward and takes control of the entire arrangements, and becomes the family leader at this unfortunate time. G-enerally, there is no intention on the part of such an individual to be liable for the funeral expenses. He may intend to be held liable; however, if this be the case, his intention must be spelled out very clearly. Here, where the alleged agreement is oral, it is very difficult for the court to determine the hidden intent of the parties, however, looking at the actions of the parties at the time and subsequent to the funeral, leads this court to only one conclusion.
It is the court’s opinion that the evidence is insufficient to sustain a finding that the defendant agreed expressly or impliedly to pay the funeral expenses herself. Mr. Jones never billed her, never received any money from her, was paid partially by Mrs. Collins, a third party, and indeed had looked for payment directly to the deceased’s daughter who acknowledged the bill. Under the circumstances, the plaintiff’s suit against Agnes Lewis Caine is hereby dismissed.