Henry Tasker, J.
This action for work, labor and services upon agreed prices therefor was tried before the court without a jury.
Plaintiff, corporate owner of a funeral establishment, furnished funeral arrangements for one George T. Gurnell in June of 1963 at the request of his wife, Florence Gurnell, at an agreed price of $1,204.50 including disbursements. Shortly thereafter, Florence Gnrnel-l died; at the request of defendant George T. Gurnell, Jr., plaintiff furnished fnnerial services for her at an agreed price of $1,106, including disbursements. Neither of the decedents left any estate. Plaintiff demanded payment of its bills from defendant George T, Gurnell, Jr., and was advised by him that the money was being collected from the remaining defendants, children of the deceased couple, and would be paid to plaintiff. Payment was not forthcoming. Plaintiff collected $255 from the Social 'Security Administration and was paid $200 by defendant Genevieve Lackey on account of the funeral of George Gurnell. The balance of $1,855.50 remains unpaid.
*679 All defendants except Genevieve Lackey defaulted; on October 2, 1964, plaintiff took default judgments against them and severed the action for trial as against defendant Genevieve Lackey (CPLR3215, subd. [a]).
Plaintiff’is complaint and bill of particulars are framed upon theories of contract both express and implied in fact, alleged oral promises by defendants to contribute to the funeral expenses of the two decedents. The complaint and bill of particulars fail to spell out a cause of action against defendant Genevieve Lackey. The evidence shows only a promise by Florence Gurnell and George T. Gurnell, Jr. To be held individually liable for funeral expenses, an individual must express a clear intention to be bound. (Jones v. Caine, 31 Misc 2d 942.) Defendant Genevieve Lackey made no promise whatever to plaintiff, and, according to the testimony, never communicated with it other than to voluntarily pay $200 towards the funeral bill. An oral promise made by defendant Genevieve Lackey to her brother to contribute would be unenforeible by plaintiff (Personal Property Law, § 31, subd. 2; cf. Decedent Estate Law, § 113); in any event, there is no evidence of any such undertaking by her.
Upon the trial, plaintiff apparently abandoned the theory of contract implied in fact and proceeded in qua-si-contract, attempting to hold defendant Lackey on the basis of responsibility imposed by law. However, no reliance is placed upon section 141 of the Social Welfare Law, which affords remedies to public welfare officials only, nor is there any allegation that defendant Lackey received assets from either decedent (Decedent Estate Law, §§ 170, 176; Rutecki v. Lukaszewski, 273 App. Div. 638).
In support of its theory of filial obligation, plaintiff’s memorandum cites ancient and respected authorities including both the Old and the New Testaments. Although persuasive, such authorities are not controlling. While this court is possessed of plenary judiciary power (N. Y. Const., art. VI, §§ 1, 7; Matter of Niagara Falls Power Co. v. Halpin, 267 App. Div. 236, affd. 292 N. Y. 705), it must apply the laws of the State of New York. In the absence of contract, express or implied in fact, defendant is not liable to plaintiff (Rutecki v. Lukaszewski, supra; Fairchild Sons v. Diskin, 196 Misc. 495, mot. for lv. to app. den, 276 App. Div. 847).
Assuming arguendo that some liability implied in law might be imposed upon defendant Genevieve Lackey, her obligation would be limited to charges reasonable in amount, taking into account decedents’ stations in life and the value of their estates *680 (Matter of Molinaro, 140 N. Y. S. 2d 834). It is incumbent upon the undertaker to make a thorough inquiry concerning these factors where no express agreement is relied upon (Matter of Lewandowshi, 183 Misc. 668). If he fails to do .so, any loss sustained is his own fault (Matter of Greco, 190 Misc. 769). Considering the financial status of these two decedents, as shown by the evidence, a reasonable allowance for their funerals would be the amount fixed by statute for recipients of public assistance (Social Welfare Law, § 141, subd. 3, par. [b]). Plaintiff has been paid $455; considered in the foregoing light, his loss is de minimis.
Defendant Genevieve Lackey may have judgment dismissing the complaint, with costs.