Forace MARTIN and Eldean Martin, husband and wife, Plaintiffs and Respondents,

v.

Herta K. DENNETT, Herta K. Dennett as personal representative of John Elwood Dennett, Deceased; Elias J. Robinson; Eliza S. Robinson; Western Savings & Loan Company, as Trustee and as beneficiary; Interstate Brick Company; Bank of Salt Lake; Beneficial Life Insurance Company, The United States of America; The Industrial Commission of Utah; The Tax Commission of Utah; Southeast Ready Mix and John Runyon, dba Colorado Development Company, Defendants and Appellants.

No. 16781.

Supreme Court of Utah.

Feb. 19, 1981.

* CROCKETT, J., acted on this case prior to his retirement.

Melvin G. Larew, Jr., Ronald L. Rencher, Salt Lake City, for defendants and appellants.

Forace Martin and Aldean Martin, pro se.

STEWART, Justice:

This is an action to determine the relative priorities of claims against the assets of decedent's estate. Appellant claims the lower court erred in giving priority to federal tax liens recorded prior to decedent's death, rather than the claims made by appellant for reasonable funeral expenses and expenses of administration of the decedent's estate.

On August 10, 1962, a uniform real estate contract was entered into between Pay Less Builders Supply, a Utah corporation, as seller, and Forace Martin and Eldean Martin, plaintiffs below, as buyers. The contract was recorded in the Salt Lake County Recorder's Office on May 23, 1963. Pay Less

Builders Supply assigned the contract to John Elwood Dennett, defendant below, now deceased, on December 9, 1964. The assignment was recorded in the Salt Lake County Recorder's Office on December 17, 1964. In 1965 the United States of America, defendant below and respondent on appeal, recorded notice of three federal tax liens in the Salt Lake County Recorder's Office in accordance with § 38–6–1, Utah Code Ann. (1953), as amended. The claims, totaling $4,181.29, were refiled in 1970 and 1971.

Subsequent to John Dennett's death, the Martins paid the balance owing Western Savings & Loan, a company which had an encumbrance on the property, and deposited with the clerk of the court $1,347.46, the amount owing on the original real estate contract to John Dennett. That amount, the subject of the present dispute, was held by the court pending adjudication of the relative rights and claims of decedent's estate and the United States.

The district court held that the United States, by virtue of its tax liens in the total amount of $3,143.04, had claims superior to the claims of decedent's estate for funeral expenses and administrative expenses.

The statute which creates the lien for delinquent federal taxes is 26 U.S.C. § 6321:

*Lien for Taxes.* If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to the tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such persons.

The effect of federal tax liens, being a creature of statute, is determined solely by statute. *MacKenzie v. United States*, 109 F.2d 540 (9th Cir. 1940).

31 U.S.C. § 191 establishes the priority of tax claims:

Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the

hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied . . . .

This statute applies to all debts owed by an insolvent or by a deceased to the government, "whether or not arising from taxes, and whether or not secured by a lien." *United States v. Vermont*, 377 U.S. 351, 357, 84 S.Ct. 1267, 1270, 12 L.Ed.2d 370 (1964). The Court in *United States v. Vermont* stated that Congress failed to provide expressly for federal priority of tax liens arising under § 6321 if the debtor was not insolvent.

■ We recognize that 31 U.S.C. § 191 is to be liberally construed, and the policy of protecting public revenues is not to be defeated by unnecessarily restrictive application of its terms, *United States v. Moore*, 423 U.S. 77, 96 S.Ct. 310, 46 L.Ed.2d 219 (1975); *United States v. Key*, 397 U.S. 322, 90 S.Ct. 1049, 25 L.Ed.2d 340 (1970); *Bramwell v. United States Fidelity & Guaranty Company*, 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368 (1926), but § 191 does not render the federal claims asserted in this case superior to those of appellant. The statute refers to debtors who are insolvent or estates of deceased debtors which cannot cover all the "debts due from the deceased." The statute therefore accords priority only to those debts "due from the deceased." It does not include debts incurred by the estate. It is the latter category of expenses that is the basis of this case. Clearly funeral expenses are expenses of the estate, not the deceased. *National Metropolitan Bank of Washington v. Joseph Gawler's Sons, Inc.*, 168 F.2d 571 (D.C.Cir.1948).

■ Section 75–3–805(1), Utah Uniform Probate Code, governs priorities of the debts by an estate. It provides:

If the applicable assets of the estate are insufficient to pay all claims in full, the personal representative shall make payment in the following order:

(a) Reasonable funeral expenses;

(b) Costs and expenses of administration;

(c) Debts and taxes with preference under federal law;

(d) Reasonable and necessary medical and hospital expenses of the last illness of the decedent, including compensation of persons attending him;

(e) Debts and taxes with preference under other laws of this state;

(f) All other claims.

The state statute, in granting priority to funeral and administration expenses of an estate over the debts of the deceased, is controlling as to claims against the estate.

Other courts have likewise held that funeral, burial, and estate administrative expenses have priority over federal tax claims. *In re Henke's Estate*, 39 Misc.2d 705, 241 N.Y.S.2d 788 (1963); *In re Stiles' Estate*, 126 Misc. 715, 215 N.Y.S. 134 (1926); *In re Gobrecht's Estate*, 47 D. & C. 134 (Pa.Orph. 1942). More specifically, the Court in *In re Holmes' Estate*, 16 N.J.Misc. 402, 1 A.2d 42 (1938), ranked funeral and administration expenses ahead of a federal tax lien.

Even the most cursory consideration of the problem reveals the propriety of this result. If administration expenses are not provided for as a first charge upon assets of an estate, there would be absolutely no assurance that estates could ever be administered. *In re Rothstein's Estate*, 151 Misc. 466, 271 N.Y.S. 365 (1933). Further, this construction recognizes and assures a decedent the right to a decent burial. *In re Stiles' Estate, supra.* "The dictates of humanity, no less than the decencies of enlightened society," demand that reasonable funeral and burial expenses be preferred. *In re Holmes' Estate, supra*, 16 N.J.Misc. 402, 1 A.2d at 43. These considerations are even more compelling when an estate is insufficiently funded to pay all outstanding debts of the deceased, although funeral expenditures in those circumstances may require more careful scrutiny.

■ There is no merit in respondent's claim that the funds paid into the court did not become an asset of the estate. A lien, although a charge or encumbrance upon property, neither creates title to property nor does it create an estate or interest

therein. *The Poznan,* 9 F.2d 838 (2nd Cir. 1925), *rev'd on other grounds,* 274 U.S. 117, 47 S.Ct. 482, 71 L.Ed. 955 (1927); *Re Interborough Consol. Corp.,* 288 F. 334 (2nd Cir. 1923); *Application of Gau,* 230 Minn. 235, 41 N.W.2d 444 (1950). Specifically, 26 U.S.C. § 6321 does not create any property right, *General Tel. Co. of Ill. v. American Cas. Co. of Reading, Pa.,* 226 F.Supp. 929 (S.D.Ill.1964). Falling short of a property right, the existence of a lien does not prevent the property to which the lien has attached from being marshalled as assets of the estate.

The judgment of the lower court is reversed, and the case is remanded for proceedings consistent with this opinion. No costs are awarded.

HALL and HOWE, JJ., and CALVIN GOULD, District Judge, concur.

MAUGHAN, C. J., does not participate herein; GOULD, District Judge, sat.

CROCKETT, J., heard the arguments but retired before the opinion was filed.