In the Matter of the ESTATE OF Vincent M. IGOE, Respondent,

v.

UNITED STATES INTERNAL REVENUE SERVICE, Appellant.

No. 68315.

Supreme Court of Missouri, En Banc.

Oct. 14, 1986.

Mary Francis Clark, William S. Estabrook, Michael L. Paup, William P. Wang, Glenn L. Archer, Jr., Dept. of Justice, Tax Div., Washington, D.C., Joseph B. Moore,

Thomas E. Dittmeier, St. Louis, for appellant.

James A. McDowell, St. Louis, for respondent.

PER CURIAM.

This appeal was first heard in the Missouri Court of Appeals, Eastern District, and decided by an opinion authored by the Honorable Robert O. Snyder. The appeal was then transferred to this Court pursuant to Rule 83.02.

The appeal has now been heard in this Court and the Court adopts the opinion of Judge Snyder as its decision.

The United States Internal Revenue Service appeals from a judgment of the Probate Division of the Circuit Court of the City of St. Louis, which gave priority to homestead and family allowances over a federal tax lien in an insolvent estate. The judgment is affirmed.

Vincent M. Igoe died on June 28, 1983. The decedent had filed a delinquent 1980 federal income tax return in 1981. In 1982, the IRS filed notice of a federal tax lien with respect to the unpaid 1980 tax liability. On January 7, 1983, the decedent paid $43,989.94 of his delinquent taxes to the IRS. No other payments to the IRS were made prior to decedent's death. After decedent's death, the IRS filed a proof of claim against the estate in the amount of $81,607.40 for the unpaid tax balance, interest and penalties.

Cheryl I. Igoe, the surviving spouse and administratrix of the estate filed a petition seeking her homestead allowance of $7,500.00 pursuant to section 474.290, RSMo 1978. In addition, the guardian of the decedent's six minor children from a previous marriage claimed the right to the family allowance authorized by section 474.260, RSMo 1978.

The United States objected to the claims of the surviving spouse and minor children, contending that under section 6321 of the

Internal Revenue Code of 1954, the IRS tax lien had priority because it was effective before decedent's death.

On December 6, 1984, the trial court ruled that the IRS tax lien "does not take priority over costs, expenses of administration, exempt property, family and homestead allowances, and funeral expenses under section 473.397 RSMo." The court awarded $7,500.00 to Cheryl A. Igoe, the surviving spouse, less $1,485.00 for business furniture she elected to keep. The court awarded $28,800.00 as a reasonable family allowance for the six surviving minor children. The decedent's estate was insufficient to satisfy both the tax lien and the homestead and family allowances.

The IRS appealed, alleging that as a matter of law the trial court erred by ruling that homestead and family allowances "primed," that is, had priority over, assessed federal tax liens. The point is denied and the trial court's judgment allowing the homestead and family allowances is affirmed.

The trial court based its judgment on section 473.397, RSMo 1978, which classifies and sets forth the priority of claims against a decedent's estate.

Sec. 473.397 CLASSIFICATION OF CLAIMS AND STATUTORY ALLOWANCES

All claims and statutory allowances against the estate of a decedent shall be divided into the following classes:

(1) Costs;

(2) Expenses of administration;

(3) Exempt property, family and homestead allowances;

(4) Funeral expenses;

(5) Debts and taxes due to the United States of America;

(6) Expenses of the last sickness, wages of servants, claims for medicine and medical attendance during the last sickness, and the reasonable cost of a tombstone;

(7) Debts and taxes due the state of Missouri, any county, or any political subdivision of the state of Missouri;

(8) Judgments rendered against the decedent in his lifetime and judgments rendered upon attachments levied upon property of decedent during his lifetime;

(9) All other claims not barred by section 473.360.

The trial court applied the Missouri statute and ruled that the family and homestead allowances claimed against the decedent's estate had priority over the IRS tax lien.

The priority of a federal tax lien over other claims is a question of federal law. *United States v. Bess*, 357 U.S. 51, 56–57, 78 S.Ct. 1054, 1057–58, 2 L.Ed.2d 1135 (1958). The case under review, then, requires an interpretation of federal statutes.

Section 6321 of the Internal Revenue Code (26 U.S.C. sec. 6321 (1982)) establishes a lien against the property of a person liable for taxes. It reads:

Sec. 6321. LIEN FOR TAXES

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The parties agree that state law determines who owns property. *Aquilino v. United States*, 363 U.S. 509, 512[1], 80 S.Ct. 1277, 1279, 4 L.Ed.2d 1365 (1960). *United States v. Bess*, 357 U.S. 51, 55[6], 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135 (1958).

■ The decedent did not own property after his death according to Missouri law. His property passed to his heirs at law inasmuch as he died intestate. § 473.260, RSMo 1978. But before it reaches the heirs at law it flows through the estate where the administratrix in this case is chargeable with expenses of administration, claims, and allowances to the family. *South St. Joseph Live Stock Exchange v. St. Joseph Stock Yards Bank*, 223 Mo.App. 623, 16 S.W.2d 722, 727 (1929). Because

this estate was insolvent, no property ever reached the heirs at law.

Appellant argues that the federal tax lien arose prior to, and was not extinguished by, decedent's death. Therefore, any party who takes possession of the decedent's property takes subject to the pre-existing tax lien. Appellant also supports its argument by relying on I.R.C. sections 6321 and 6323 which create the federal lien for taxes and establish its priority. Section 6323 specifically lists those claims having superiority over the federal tax lien. Because homestead and family allowances are not listed, the IRS argues that they are not to be given priority.

It is doubtful if a lien under I.R.C. section 6321 automatically attaches to property in the estate of a delinquent taxpayer. The IRS lien attaches to the property of the taxpayer only by the plain terms of section 6321. Because the estate assets are no longer the property of the taxpayer, it is difficult to see how the lien could be effective.

The IRS cites *United States v. Bess, supra,* for authority that a lien for tax liability attached to the cash surrender value of a life insurance policy after the death of the taxpayer. The case is distinguishable, however, because no probate estate was involved as there is in the case under review.

*Weitzner v. United States,* 309 F.2d 45, 46–48 (5th Cir.1962), *cert. denied,* 372 U.S. 913, 83 S.Ct. 727, 9 L.Ed.2d 720 (1963), also cited by the IRS, dealt with a homestead provision of the state constitution, a set of facts not similar to those before this court.

The authorities relating to the issue of the priority of federal tax liens are not consistent. Some courts have ruled that claims to homestead rights are superior to federal tax liens while others have held to the contrary. Comparison of cases in this area is made even more difficult because both state statutes and fact patterns differ from case to case.

In *Chandler v. Pilley,* 5 A.F.T.R.2d 437 (Probate Ct.Tenn, 1959), the court examined the priority of a federal tax lien on a decedent's estate. The decedent's wife filed a petition for a year's support, homestead and dower. The United States filed a claim for unpaid taxes for which a lien was filed prior to decedent's death. The amount of taxes owed exceeded the assets of the estate. *Id.* at 438.

The widow's petition for a year's support was denied because she failed to comply with the state statute which required her to dissent from her husband's will in open court within nine months after probate of the will. *Id.* at 430. The widow was granted her homestead right because the court ruled it had vested prior to the liens on her deceased husband's estate. *Id.* at 441. *But see U.S. v. Heasly,* 170 F.Supp. 738 (D.C.N.D.1959). In addition, the *Chandler* case does not answer the question of whether the court would have granted the year's support had the widow timely filed her petition.

Respondent argues that the government should have proceeded under 31 U.S.C. section 3713 (1982) which provides as follows:

### Priority of Government Claims

(a)(1) A claim of the United States Government shall be paid first when—

(A) a person indebted to the Government is insolvent and—

(i) The debtor without enough property to pay all debts makes a voluntary assignment of property;

(ii) Property of the debtor, if absent, is attached; or

(iii) an act of bankruptcy is committed; or

(B) *the estate of a deceased debtor,* in the custody of the executor or administrator, is not enough to pay all debts of the debtor.

(2) This subsection does not apply to a case under title 11.

(b) *A representative of a person or an estate* (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of

the payment for unpaid claims of the Government. [Emphasis supplied].

Respondent argues that this section of the United States Code is applicable because the decedent's estate was insolvent.

A case decided under section 191 and section 192, forerunners of the current section 3713, held that a claim for one year's support and an exemption for a minor child was not a *debt* of the decedent and thus took priority over the tax claims of the federal government. *In re Carl's Estate*, 94 N.E.2d 239, 243 (Ohio Probate Ct.1950). This case involved the priority given the federal government's claim for income and social security taxes owed by the decedent. The court reasoned that the exemption and year's support were not debts of the decedent but charges on the estate. *Id.* at 243.

In *Martin v. Dennett*, 626 P.2d 473 (Utah 1981), the court held that the state statute granting priority to funeral and administrative expenses of an estate over the debts of the deceased is controlling as to claims against the estate. *Id.* at 475. In *Martin*, the federal government filed a tax lien prior to decedent's death. The lien was created under I.R.C. section 6321. The priority of the lien was determined by 31 U.S.C. section 191 (now section 3713). The court ruled that section 191 accords federal priority over only those debts "due from the deceased," and not debts of the estate. The court held that the funeral and administrative expenses of an estate have priority over a federal tax lien filed prior to decedent's death. *Id.* at 475–76[3].

 This case is decided by using the *Martin* rationale that homestead and family allowances are debts of the estate and not debts of the decedent. Homestead and family allowances are similar to funeral expenses and costs of estate administration. Section 473.397 gives priority to homestead and family allowances over funeral expenses.

The government did not object to the payment from Mr. Igoe's estate of his funeral expenses nor the attorney's fees incurred in administering the estate. These estate debts are not listed in I.R.C. section 6323. Yet they were allowed without appellant's protest suggestion that section 6323 is not as all inclusive a list as the United States would have this court believe.

The United States sought relief in a Missouri state court and is therefore bound by the same rules which bind and govern other litigants. *Pollyea v. Grodsky*, 315 S.W.2d 460, 461[1] (Mo.App.1958).

The judgment is affirmed.

All concur.